Edward Frake, Plaintiff-Appellant, v. Paschen Contractors, Inc., a Corporation, and Peoples Gas Light & Coke Company, a Corporation, Defendants-Appellees.

Paschen Contractors, Inc., a Corporation, and Peoples Gas Light & Coke Company, a Corporation, Third-Party Plaintiffs-Appellants, v. Phillips-Getschow Company, a Corporation, Third-Party Defendant-Appellee.

Gen. Nos. 52,354 and 52,498.

First District, First Division.

August 12, 1969.

Rehearing denied September 2, 1969.

Everett W. Hertline, Leo M. Tarpey, and Harry I. Parsons, of Chicago (Robert Jay, Nye and Nye, of counsel), for appellants.

William P. Nolan, Pretzel, Stouffer, Nolan & Rooney, of Chicago (Joseph B. Lederleitner, of counsel), for appellees.

MR. JUSTICE BURMAN delivered the opinion of the court.

This is an appeal from a judgment entered in favor of the defendants, Paschen Contractors, Inc., and Peoples Gas Light and Coke Company, notwithstanding the verdict of the jury for plaintiff, Edward Frake, and from the order granting the motion of the defendants for a new trial conditionally to become effective in the event the judgment notwithstanding the verdict be reversed, set aside or vacated.

Plaintiff brought this action to recover damages for injuries he sustained while employed by a subcontractor of defendant Paschen Contractors, who in turn was the general contractor for defendant Peoples Gas. A complaint was filed consisting of three counts. The first count was predicated upon an alleged wilful violation of the Structural Work Act (Ill Rev Stats 1967, c 48, §§ 60–69). Counts two and three of the complaint charged the defendants with negligence. The latter two counts were subsequently withdrawn on motion of the plaintiff and the cause was submitted to the jury on Count I only. The jury rendered a verdict in favor of plaintiff and

against the defendants in the sum of $22,500. Judgment was entered on the verdict. A post-trial motion was filed on behalf of both defendants, and the judgment notwithstanding the verdict was entered subsequent thereto in conjunction with the order granting a new trial conditionally as to both defendants.

■■ We first review the issue of whether the trial court erred in entering a judgment in favor of the defendants, notwithstanding the verdict. A motion for a judgment notwithstanding the verdict under section 68.1(2) of the Civil Practice Act (Ill Rev Stats 1967, c 110, par 68.1(2)) raises the same question of law and has the same effect as a motion for a directed verdict. The power of the court is the same. Judgments notwithstanding the verdict, therefore, ought to be entered by the trial court in those cases in which all of the evidence, viewed in the aspects most favorable to the party against whom the motion is directed, so overwhelmingly favors the movant that no contrary verdict based on the evidence could stand. Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 859.

We review the evidence to the extent necessary for the disposition of this issue. Plaintiff, a 61-year-old pipefitter, was employed by Phillips-Getschow Company, a subcontractor engaged pursuant to a contract between the Peoples Gas Light & Coke Company and Paschen Contractors, Inc., the general contractor. On December 1, 1959, plaintiff, Albert Nocon (a welder) and Charles Harvey, their foreman, were performing the work which their subcontractor-employer had engaged to perform under the Northwest Highway. Plaintiff and the welder were standing at the bottom of a thirty-five or forty-foot deep manhole which was approximately six or seven feet in diameter. A two-foot diameter metal pipe had been previously lowered by crane into the manhole, and the two workmen had reached the bottom by climbing down a steel ladder anchored to the concrete wall. The

pipes were twenty feet long and it was necessary to weld two pieces together to obtain the proper length. Paschen Contractors furnished a crane which was used to lower the pipe into the manhole.

Plaintiff and the welder proceeded to attach one of the pipes to a gas main underneath the Northwest Highway. After one and one-half hours, they completed their job. They then signalled their foreman, who was directing them from the street level, that the pipe was intact and in place.

Plaintiff and his coemployee Albert Nocon, the welder, were the only people to testify as to what occurred thereafter. Plaintiff testified as follows:

> . . . I was looking up and he [the foreman] climbed up on to that manhole to unhook this clevis [a shackle clevis bolt weighing two or three pounds] . . . I gave the signal and I started . . . to pick my tools up. . . . [A]ll of a sudden I heard something coming down, so I raised my arm and that's the last I remember.

Albert Nocon testified that he heard someone at ground level shouting "watch out." The next moment, the witness testified, he heard something "bouncing in the hole and I see him [the plaintiff] laying on the floor on the ground." Nocon also testified that he saw the clevis bolt on the ground next to the plaintiff.

The plaintiff contends that he has a cause of action against both defendants under the Structural Work Act (Ill Rev Stats 1967, c 48, §§ 60–69) citing Gundich v. Emerson-Comstock Co., 21 Ill2d 117, 171 NE2d 60; Oldham v. Kubinsky, 37 Ill App2d 65, 185 NE2d 270; Kennerly v. Shell Oil Co., 13 Ill2d 431, 150 NE2d 134; and Gannon v. Chicago, M., St. P. & P. Ry. Co., 22 Ill2d 305, 175 NE2d 785. In Gundich injuries were sustained when one of seven steel beams being lifted by an overhead crane operated by the defendant's em-

ployee fell off and knocked the ironworker-plaintiff into a hole. The load was lifted and lowered three or four times in response to signals from one of the ironworkers. This was necessary because the load was off balance each time. On the fourth lift the load was about one or two feet off the ground when a member of the crew saw that the load was still not centered. One of the crew signaled that the load be lowered. The operator of the crane, however, continued to lift it and veered the load to the west. It was at this point that the accident occurred. The Illinois Supreme Court found that:

> There was evidence from which the jury could find that Brown [the crane operator employed by the defendant] knew or certainly should have known of both the inadequacy of the signals and the likelihood of loose beams falling from the crane. Similarly, defendant Emerson-Comstock Co. knew that a crane was being used by its employee, and it cannot escape the duty imposed by the statute by 'closing its eyes' to the way in which the crane was being operated and to the system of signals used by its employee.

Gundich v. Emerson-Comstock Co., 21 Ill2d 117, 129, 130 NE2d 60, 67.

In Oldham v. Kubinsky, 37 Ill App2d 65, 185 NE2d 270, the plaintiff was injured while a hoist was being used as a scaffold or working hoist and the plaintiff was working thereon. The defendant's employee testified that the plaintiff got in the bucket of the hoist; that he took the plaintiff up 10 or 11 feet; and that he had raised the plaintiff or another man in the bucket on other occasions. The Appellate Court of the Second Judicial District held that the verdict of not guilty as to the defendant's employee did not absolve the defendant from liability when the defendant knows or should know of the improper condition of a device within the terms of the

407

act, or the improper manner in which it is being operated by its employee.

In Kennerly v. Shell Oil Co., 13 Ill2d 431, 150 NE2d 134, the plaintiff was welding a water line when he fell from a scaffold. The Supreme Court affirmed a judgment for the plaintiff against the owner of the premises stating that:

> . . . the proof shows that the floor of the scaffold from which the plaintiff fell was made of loose boards and that it had no handrail. Defendant knew that scaffolds were being used, and it can not escape the mandatory duty that the statute imposes by closing its eyes to their condition.

Kennerly v. Shell Oil Co., 13 Ill2d 431, 439, 150 NE2d 134, 139.

The final authority cited by plaintiff in support of his contention is Gannon v. Chicago, M., St. P. & P. Ry. Co., 22 Ill2d 305, 175 NE2d 785. There plaintiff was injured when the ladder being used by him began to slip. The ladder was not nailed to the scaffold although according to the testimony of the bricklayers it should have been under the custom of the trade. There was no railing on the scaffold and s when the ladder began to slip the plaintiff grabbed the ladder and fell on top of it face down on the concrete floor of the building. The Illinois Supreme Court reversed an Appellate Court judgment for the defendant and remanded the case for a new trial.

In the case at bar, we believe that when all of the evidence is viewed in the aspects most favorable to the plaintiff, it does not warrant the application of the Structural Work Act. It is undisputed that there were no defects in the crane in the instant case, whereas defects played a significant part in the Oldham, Kennerly and Gannon cases. It is further undisputed that there were no operating improprieties unlike the case of Gundich v. Emer-

son-Comstock Company. The evidence clearly shows that plaintiff's injuries were not caused by the operation nor by any defective condition of the crane.

■ ■ The only possible ground upon which to impose liability on the defendants in the instant case arises from the fact that part of the defendant's crane, the clevis bolt, struck the plaintiff and caused him injury. Had the foreman negligently dropped one of his own tools down the manhole instead of the defendant's clevis bolt there would be no doubt that the plaintiff would not have a cause of action under the Structural Work Act. A careful reading of plaintiff's authorities does not dissuade us from treating the incident in question the same way we would treat the above hypothetical. Thus, we conclude that the case at bar is clearly distinguishable from the cases plaintiff cites and we hold that the plaintiff does not have a cause of action under the Structural Work Act.

Several other issues are raised by the parties to this proceeding, but in view of our determination above, it is unnecessary for us to consider them.

For the foregoing reasons we are compelled to sustain the judgment notwithstanding the verdict of the trial court in favor of defendants Paschen Contractors and Peoples Gas Light & Coke Company.

Judgment affirmed.

ADESKO, P. J. and MURPHY, J., concur.