John Casey, Plaintiff-Appellant, v. Alba Company, et al., Defendants-Appellees.

Gen. No. 50,744.

First District, First Division.

October 3, 1966.

Louis M. March, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (John M. Moelmann and D. Kendall Griffith, of counsel), for appellees.

MR. JUSTICE BURMAN delivered the opinion of the court.

The plaintiff, John Casey, brought this action on June 3, 1964, for personal injuries allegedly resulting from an accident occurring at his place of employment on April 23, 1962. In his complaint, he alleged that the occurrence resulted from violations of the Structural Work Act by the defendants, and sought damages in the amount of $100,000. Defendants then moved to dismiss the action on the grounds that it was not brought within two years after the occurrence. The trial court sustained this motion, and plaintiff appeals.

Plaintiff concedes that this action was commenced more than two years after the accident, and that the general rule, as stated in Ill Rev Stats, c 83, § 15 (1963) is that actions for damages for an injury to the person must be brought within two years after the cause of action accrued. He contends, however, that when in 1963 the Legislature passed § 24f of the same chapter (Ill Rev Stats, c 83, § 24f (1963)), a four-year period of limitations was established for the class of cases described therein. He further argues that this substitution of a four-year period of limitations, effective in 1963, applies retrospectively as well as prospectively, and therefore entitles him to file his action any time within four years after the accident.

The statute upon which plaintiff relies reads as follows:

§ 24f. Injury or death arising out of defective and unsafe condition of improvement to realty.

No action to recover damages for any injury to property, real or personal, or for injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real estate, nor any action for contribu-

tion or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, unless such cause of action shall have accrued within four years after the performance or furnishing of such services and construction. This limitation shall not be available to any owner, tenant or person in actual possession and control of the improvement at the time such cause of action accrues.

■ The primary object in construing a statute is to ascertain and give effect to the true intent and meaning of the legislature in enacting it, for it is the intention of the lawmakers that make the law. Hoyne v. Danisch, 264 Ill 467, 106 NE 341. In construing the statute upon which plaintiff relies, we must accept the plain meaning of its language. The statute provides that actions of the type described cannot be brought *unless such action has accrued within four years* after the performance of the services by the designers, planners, or supervisors of construction. The limitations statute, in contrast, provides that the action must be commenced *within two years after the cause of action accrued.* We find no conflict between the provisions of these two statutes. That none was contemplated by the legislature is evidenced by the fact that there is no mention in § 24f that any portion of § 15 is repealed or superseded. We therefore conclude that the trial court was correct in holding that the suit was barred by the statute of limitations. Accordingly, the judgment of the trial court, dismissing the action, is affirmed.

Judgment affirmed.

KLUCZYNSKI, P. J. and MURPHY, J., concur.