■ SIDNEY OREFICE, Respondent, v. FIRST NATIONAL CITY BANK, Appellant, et al., Defendants. FIRST NATIONAL CITY BANK, Defendant and Third-Party Plaintiff-Respondent-Appellant, v. GEORGE VAN AKEN et al., Third-Party Defendants-Appellants-Respondents.— Order, Supreme Court, New York County, entered April 16, 1971, which denied motion of defendant First National City Bank for rehearing and reargument in the matter of the granting of plaintiff's motion for summary judgment, unanimously reversed, on the law, and defendant-appellant shall recover of plaintiff-respondent $50 costs and disbursements of this appeal; including a reversal without costs and without disbursements and the vacating of the provisions therein for judgment over in favor of defendant First National City Bank against the third-party defendants Van Aken; defendant bank's motion for a rehearing granted and, thereupon, plaintiff's motion for summary judgment denied and the prior order entered March 10, 1971 and the judgment entered March 31, 1971 vacated; and the appeal from order entered on March 10, 1971 and from judgment entered on March 31, 1971 dismissed, without costs and without disbursements as academic. Clearly, the record indicates that there is an issue of fact as to whether or not the indorsements of the checks in plaintiff's name by Van Aken or his secretary were authorized. If authorized, the defendant bank would not be liable. (See Uniform Commercial Code, § 3–403, subd. [1]; § 3–405.) Moreover, in view of plaintiff's apparent lack of knowledge of the issuance of the checks, it appears that there are issues relating to the issuance and delivery thereof and extent of plaintiff's interest therein, if any. We note that defendant does request summary judgment on the ground that it appears as a matter of law that the plaintiff did not acquire any interest in the checks, but this request was not made in the notice of motion below and was not presented here until the service of the reply brief. Furthermore, the record is not such as to warrant a matter of law determination of the pertinent issues. Concur— Capozzoli, J. P., Markewich, Nunez, Murphy and Eager, JJ.

■ DANIEL K. ROBERTS, Appellant, v. KERBY SAUNDERS, INC., Defendant-Respondent and Interpleading Plaintiff-Respondent. JOHN S. STEWART et al., Interpleaded Defendants-Respondents.— Judgment, Supreme Court, New York County, entered on April 2, 1970, unanimously reversed, on the law, and the case remanded for trial ab initio, with costs and disbursements to abide the event. At the end of plaintiff's case in this action for commissions under an employment contract, the complaint was dismissed, the court deciding as a matter of law that plaintiff had not proven compliance with a condition precedent contained in the contract. Even assuming, but not deciding, the applicability of that condition to this situation, there was at the very least a factual issue as to whether, by conduct, defendant had waived that requirement. In dismissing, the trial court did not decide whether plaintiff had established a prima facie case as to the claimed impropriety of defendant's distribution of the commissions to which plaintiff claims to be entitled. A new trial is therefore required. Concur — Capozzoli, J. P., Markewich, Nunez, Murphy and McNally, JJ.