VIOLET HALBERSTADT, as Widow of GERALD HALBERSTADT, Deceased, Plaintiff-Appellant, v. HARRIS TRUST & SAVINGS BANK et al., Defendants-Appellees.

(No. 56274;

First District—September 25, 1972.

Reed & Lucas, of Chicago, for appellant.

William P. Nolan, of Pretzel, Stouffer, Nolan & Rooney, of Chicago, (Joseph B. Lederleitner, of counsel,) for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Violet Halberstadt (plaintiff) appeals from dismissal of her suit against Harris Trust & Savings Bank, a corporation, N. W. Harris Corporation and Robert G. Van Nest (defendants). Plaintiff sought to enforce a cause of action for alleged violation by defendants of the Structural Work Act (Ill. Rev. Stat. 1971, ch. 48, pars. 60 *et seq.*), which caused the death of her late husband, Gerald Halberstadt. The order of dismissal was entered on the pleadings without evidence.

■■ We will first summarize the factual allegations of plaintiff's second amended complaint which are admitted by the motion of defendants to dismiss. (*Acorn Auto Driving School, Inc. v. Board of Education,* 27 Ill.2d 93, 96, 187 N.E.2d 722.) It was alleged that plaintiff and her husband had six minor children and all were dependent upon him for support. On July 22, 1965, the husband was killed by a fall from an eighth floor window in a large office building in Chicago. He had been employed as a window washer. Defendants owned, operated, maintained and controlled the building and had the right to stop the work if it was done in a dangerous manner or under conditions violating the Structural Work Act. The second amended complaint further alleged that defendants failed to provide a safe and adequate scaffold, knowing the hazardous condition of the stays attached to the building, in violation of the statute. It also alleged that defendants, knowing of the inability of deceased and other workmen properly to attach safety harnesses to the premises, failed to provide a suitable scaffold or other mechanical contrivances. These violations were alleged to be the proximate cause of death of decedent. Plaintiff claimed damages including loss of support for herself and the children.

Defendants joined in a motion to strike and dismiss the second amended complaint. They contended that the occupation of window washer and the work alleged were not within the scope of the Structural Work Act; that the work of decedent was that of an independent individual subject to his own direction and choice of equipment and that there was no allegation that defendants failed to do anything required

by the statute. The motion also raised the point that the second amended complaint was barred by the statute of limitations.

In this court, plaintiff contends that the work activity of the decedent as a professional window cleaner was covered by the Structural Work Act and that the statute of limitations was not applicable. Defendants urge the complete reverse of both of these propositions.

The Structural Work Act of Illinois was enacted in 1907. It has recently been used with increasing frequency as a result of erection of more tall buildings and other modern structures. Construction of this statute has been the subject of a myriad of decisions in Illinois. The statute was an attempt to ameliorate the harsh rules of the common law which would have barred many gravely injured workmen from recovery under the doctrine of assumed risk. This newly created cause of action antedated Workmen's Compensation legislation. Note the important historical material stated in *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.,* 22 Ill.2d 305 at pages 317-319, 175 N.E.2d 785. This statute was first considered by the Supreme Court of Illinois in 1911 and its constitutionality established by *Claffy v. Chicago Dock Co.,* 249 Ill. 210. See *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co., supra.*

We will next state the pertinent provisions of the statute. It provides that all scaffolds or other mechanical contrivances which are used "* * * in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon * * *." (Ill. Rev. Stat. 1971, ch. 48, par. 60.) It should be noted that reference to cleaning or washing of windows or other portions of any structure is omitted here.

Paragraph 63 of the same statute provides for action by the Director of Labor of Illinois, or the local authority of any city, concerning scaffolding "* * * or other similar device used in the construction, alteration, repairing, removing, cleaning or painting of buildings * * *." If the Director has notice that such scaffolds or other devices are unsafe or liable to prove dangerous, he is required immediately to inspect the same; and, if found dangerous, to notify the responsible person against use thereof and also to prohibit further use. The Director or local authority also has the duty to examine or test any scaffolding or similar device. It should be observed that the word "cleaning" appears in this paragraph of the statute.

Paragraph 69 provides for imposition of a penalty of fine or imprison-

ment or both upon any "* * * person having charge of the erection, construction, repairing, alteration, removal or painting of any building, bridge, viaduct or other structure within the provisions of this Act * * *." This paragraph also creates a right of action for injury to person or property for any wilful violation of the statute or unlawful failure to comply with its provisions. In event of loss of life by reason of such violation, or failure, a right of action accrues to the widow of the deceased and to his lineal heirs and persons dependent upon him for support. It should be noted that the word "cleaning" which is contained in paragraph 63 of the statute does not appear in paragraph 69.

■■■ If this statute applied to the activities of decedent, the second amended complaint would appear to be sufficient. Our reviewing courts have declared that failure to provide a proper, safe and sufficient scaffold or other construction instrumentality may constitute a violation of the statute. Our Supreme Court has held sufficient a statement of claim which charged this type of failure. (*Schultz v. Henry Ericsson Co.*, 264 Ill. 156, 162, 106 N.E. 236. See also *Louis v. Barenfanger*, 39 Ill.2d 445, 449, 236 N.E.2d 724.) In addition, a part of a permanent structure may itself constitute a "scaffold" within the contemplation of the statute. *Louis v. Barenfanger, supra.*

■■ The allegations of the second amended complaint that defendants had a right to stop the work of decedent if done in a dangerous manner or under conditions violating the statute are a sufficient allegation that defendants had charge of the work within the meaning of the statute. (*Miller v. De Witt*, 37 Ill.2d 273, 286, 226 N.E.2d 630.) If the activities and work of decedent were covered by the statute, the issue of liability of defendants as being in charge of the work would constitute a question for the trier of fact. *Kobus v. Formfit Co.*, 35 Ill.2d 533, 537-538, 221 N.E.2d 633; *Walden v. Schillmoeller & Krofl Co.*, 111 Ill.App.2d 95, 99-100, 248 N.E.2d 547.

After painstaking and deliberate consideration, we have concluded that the activities of decedent as a professional window washer, as alleged in the second amended complaint, are within the purview of the Structural Work Act. Our reasons for this decision follow.

■■ We must reject the argument of defendants that the Structural Work Act does not apply because the activity of window washing is not specifically included within the categories stated in paragraphs 60 and 69 of the statute. This is not a case in which the language of the entire statute is so clear and unambiguous as to leave no room for interpretation or construction. (See *Dept. of Public Works v. Schon*, 42 Ill.2d 537, 539, 250 N.E.2d 135.) The legislature has inserted the word "cleaning" in

paragraph 63 of the statute. It is impossible for us to ignore this use of that word. In *People ex rel. Barrett v. Barrett,* 31 Ill.2d 360, 201 N.E.2d 849, the Supreme Court held (31 Ill.2d at page 364):

> "It is a cardinal rule of statutory construction that significance and effect should, if possible, without destroying the sense or effect of the law, be accorded every paragraph, sentence, phrase and word. (50 Am.Jur.sec. 358.) A statute should be so construed, if possible, that no word, clause or sentence is rendered meaningless or superfluous. *Peacock v. Judges Retirement System,* 10 Ill.2d 498, 501; *Consumers Co. v. Industrial Com.* 364 Ill. 145."

We are obliged to give due weight to this insertion by the legislature of the word "cleaning" in one portion of this statute while omitting it from two other paragraphs. This circumstance requires us to construe and interpret the enactment to determine the true intent and meaning of the legislature which becomes the basic point of this inquiry. *Electrical Contractors Assn. v. Ill. Bldg. Authority,* 33 Ill.2d 587, 591-592, 213 N.E.2d 761.

■■ We also consider that the basic objective sought by enactment of this statute has consistently been described by our courts as the prevention of injuries to persons employed in dangerous and hazardous occupations. *Schultz v. Henry Ericsson Co.,* 264 Ill. 156, 164, 106 N.E. 236, cited in *Louis v. Barenfanger,* 39 Ill.2d 445, 447, 448, 236 N.E.2d 724, and other cases there cited. The intention of the legislature "* * * must be ascertained not only from the language of the entire act, but from the evil to be remedied and the object to be attained." *Gannon v. Chicago, Milwaukee, St. Paul and Pacific Ry. Co.,* 22 Ill.2d 305, 317, 175 N.E.2d 785.

Closely allied to this legal principle are the social and moral principles which inevitably constitute a part of the judicial process. If this decedent and others similarly situated have no other avenue of redress open to them; or, even if the meager remedy of Workmen's Compensation is available, the circumstances here create strong and compelling equities in favor of those who depended upon the decedent for support.

■■ The next factor is whether our approach should be strict or liberal. The background social reasons for enactment of this statute have long convinced our courts that it must receive a liberal construction. This has been the law of Illinois consistently from *Schultz v. Henry Ericsson Co., supra,* to the present. It has been stated that a liberal construction has been "* * * universally given to the Structural Work Act * * *." (*Navlyt v. Kalinich,* 125 Ill.App.2d 290, 295, 260 N.E.2d 855. See also *Bounougias v. Republic Steel Corporation* (7th cir. 1960) 277 F.2d 726,

730 and 731-732.) In *Crafton v. Knight & Assoc. Inc.*, 46 Ill.2d 533, 263 N.E.2d 817, the court used this language (46 Ill.2d at page 536):

> "This court made it clear in *Gannon v. Chicago, Milwaukee, St. Paul and Pacific Railway Co.*, 22 Ill.2d 305, that a liberal construction of the Structural Work Act is necessary to carry out the clear purpose of the legislature."

In this regard, we note *Bishop v. Napier*, 62 Ill.App.2d 148, 210 N.E.2d 9, not cited by the parties. There, the Appellate Court for the Second District of Illinois held that the Structural Work Act did not cover the activities of a person hired by a homeowner to remove storm windows, wash the regular windows and put up window screens. As we will later show, we are in accord with this result. However, we respectfully disagree with the statement made in the opinion which would strictly construe the Structural Work Act as being in derogation of the common law. We believe that the authorities above cited require a contrary approach to the statute.

By analogy, we also note decisions of the Supreme Court of Illinois which give a broad and liberal construction to the Workmen's Compensation Act. (See *Hoeffken Brothers v. Industrial Com.*, 31 Ill.2d 405, 407-408, 202 N.E.2d 5, citing *Shell Oil Co. v. Industrial Com.*, 2 Ill.2d 590, 596, 119 N.E.2d 224.) In *Chicago Cleaning Co. v. Industrial Board*, 283 Ill. 177, 118 N.E. 989, the court held that the word "maintaining", as used in the Workmen's Compensation Statute, would cover the business of washing windows. The court used this language (283 Ill. at page 181):

> "The business of washing windows, as such, in large cities, is as much a part of the maintenance of buildings as would be the replacing of glass in windows, the painting and decorating of the buildings, or the repointing of the outside where the mortar between the bricks was giving way."

This decision leads into one of the strongest arguments raised by plaintiff. If two men were to be working together on the same scaffold with one painting window frames and the other washing these same windows, the former would have the protection of the Structural Work Act of which the latter would be deprived. This is, indeed, an illogical and virtually an incredible result. Another formidable argument is use by the legislature of the word "cleaning" in paragraph 63 of the statute. The Director is vested with duties and powers in connection with scaffolding put to such use. It would be absurd and incongruous to say that the legislature vested responsibility in the Director to curb this danger but refused to permit indemnity to a person seriously injured thereby.

■■ We are satisfied that we have authority to insert missing words to enable a reasonable and orderly construction of this entire statute. In the recent case of *People v. Spencer*, 131 Ill.App.2d 551, 268 N.E.2d 192, this court remedied a similar elipsis by inserting the word "whoever" in a criminal statute. In *People v. Hudson*, 46 Ill.2d 177, 263 N.E.2d 473, the Supreme Court inserted an omitted provision in the Criminal Code granting peremptory challenges to the People in selection of a jury. The court cited and acted upon the authority of *People ex rel. Cason v. Ring*, 41 Ill.2d 305, 242 N.E.2d 267, where the court approved the addition of words to a portion of the election law as "* * * a qualifying or expanding expression plainly implied by the general context of the act, which has been palpably omitted and which is necessary to prevent the legislative purpose from failing in one of its material aspects." (41 Ill.2d at page 313.) In the case at bar, simple insertion of the words "cleaning or maintaining" into paragraph 60 of the statute would solve many problems and would convert an incongruous enactment into a clear and modern regulatory system in harmony with our Workmen's Compensation Law.

Both parties cite cases decided by the courts of New York. Plaintiff cites *Koenig v. Patrick Constr. Corp.*, 298 N.Y. 313. Defendants cite *Connors v. Boorstein*, 4 N.Y.2d 172. We also note the more recent case of *Rivers v. Sauter* (1970), 26 N.Y.2d 260. However, these decisions have no precedential value here because of factual differences. *Koenig* involved a window cleaner injured while removing paint in a school under construction. He was held covered by the New York Structural Work Act. (McKinney, Consolidated Laws of New York, Labor Laws, Section 240.) *Connors* involved a domestic cleaning storm windows on a private residence. The situation was held outside of the New York Act. Note also the reference by the court to the special New York statute covering window washers in public buildings. (Labor Laws, Section 202.) *Rivers* involved a painter working on the outside of a frame residence and held that he was covered by the statute.

With great expansion in modern methods of building tall structures for commercial and residential uses, both in metropolitan centers and in suburban areas, the occupation of washing windows has become, and will continue to be, in common use. It is essential for protection of persons engaged in this hazardous endeavor that they and their dependents be given the wise and benevolent protection of the Structural Work Act. The reasons and authorities above cited establish the logic of this conclusion. As pointed out, achievement of this desirable result is well within the sphere of statutory construction. Plaintiff should have a

day in court so that the merits of the claim reflected in the second amended complaint can be properly determined.

■■ It is necessary to add one most important caveat. The result reached in the above opinion should be limited to the activities of cleaning windows as a business or occupation and should not be extended to situations in which a homeowner employs a domestic or other casual help for window cleaning or other related purposes. In our opinion, this is the basic rationale and the actual result reached by the Appellate Court for the Second District in *Bishop* as well as by the New York decisions above cited. Analysis demonstrates that all of these decisions uniformly rest upon a properly drawn distinction between cleaning of windows by casual help in a private dwelling and professional window cleaning.

We next consider the contention of defendants that the second amended complaint is barred by limitations. The death occurred July 22, 1965. On July 18, 1966, the present plaintiff sued individually and as administrator. The minor children were also parties plaintiff. The sole defendant was Harris Trust & Savings Bank, a corporation. The first count of the original complaint sought to recover for loss of support under the Structural Work Act. The second count was for wrongful death.

On July 19, 1967, shortly before two years from the date of death, an amended complaint was filed by the administrator alone. The two present additional defendants, namely, N. W. Harris Corporation and Robert G. Van Nest were made defendants. This amended complaint was in one count and sought recovery for wrongful death on the ground of negligence. The second amended complaint, already described, sought recovery by plaintiff as the widow against all three defendants under the Structural Work Act. It was filed on April 30, 1971, almost six years after the occurrence.

Defendants reason that the amended complaint and the second amended complaint were both totally new pleadings which superseded prior pleadings, abandoned causes of action previously stated and asserted new actions. Defendants depend upon *Bowman v. County of Lake*, 29 Ill.2d 268, 193 N.E.2d 833, and the later opinion of this court in *Claude Southern Corp. v. Henry's Drive-In, Inc.*, 51 Ill.App.2d 289, 201 N.E.2d 127. Thus they reason that the second amended complaint is barred by the two year period expressed in the Statute of Limitations. (Ill. Rev. Stat. 1971, ch. 83, par. 15.) See *Casey v. Alba Co.*, 75 Ill.App.2d 343, 220 N.E.2d 883.

■ ■ In this regard, we accept and approve the argument of plaintiff

that the application of Section 46 (2) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 46 (2) ), removes the bar of limitations. The substance of that enactment is that prior pleadings filed within the limitation period prevent application of the statutory bar to subsequent amended pleadings which "* * * grew out of the same transaction or occurrence set up in the original pleading * * *." In our opinion, this case is governed by the decision of this court in *O'Leary v. Siegel*, 120 Ill.App.2d 12, 256 N.E.2d 127 (leave to appeal denied May, 1970). This court pointed out that Section 46 (2) must be read in conjunction with Section 46 (1) of the same statute. This latter section permits amendments on just and reasonable terms for adding or discontinuing parties, changing the cause of action or adding new causes or defenses to enable either of the parties to sustain their position. (Ill. Rev. Stat. 1971, ch. 110, par. 46 (1).) *O'Leary* also cited *Geneva Construction Co. v. Martin Transfer & Storage Co.*, 4 Ill.2d 273, 122 N.E.2d 540, where the Supreme Court held that the statutory language "same occurrence" has been construed to mean "specified conduct". See 120 Ill.App.2d at page 23.

■■ In the case at bar, the specified conduct contained in all three of the complaints is virtually identical. Certainly all three of the defendants were given ample notice as to the nature of the alleged liability sought to be asserted against them by pleadings filed within the statutory limitation period. We conclude that the cause of action stated by plaintiff in the second amended complaint is not barred by the Statute of Limitations.

The order appealed from dismissing the second amended complaint is accordingly reversed and the cause is remanded to the Circuit Court of Cook County for further proceedings not inconsistent with this opinion.

Order reversed and cause remanded to Circuit Court for further proceedings not inconsistent with this opinion.

BURKE and LYONS, JJ., concur.