CARROL W. JOHNSON, Plaintiff-Appellee, *v.* NORTH BANK, Defendant-Appellant.—(HORSEMAN'S GUARANTEE CORP. OF AMERICA, Defendant.)—(NORTH BANK, Third-Party Plaintiff, *v.* FIRST NATIONAL BANK OF CHICAGO *et al.*, Third-Party Defendants—(FIRST NATIONAL BANK OF CHICAGO, Third-Party Plaintiff, *v.* LLOYD DILLON, Third-Party Defendant).)

First District (1st Division)    No. 80-298

Opinion filed August 10, 1981.

Edmund P. Boland and F. Kevin Murnighan, of Carey, Filter & White, of Chicago, for appellant.

No brief filed for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff filed an action against North Bank based on North Bank's payment of checks allegedly bearing plaintiff's forged endorsement. North Bank appeals from the order granting plaintiff's motion for summary judgment and argues that summary judgment was improper due to the existence of a genuine issue of material fact. Although no appellee's brief was filed, we nevertheless will consider the merits of this case. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

We reverse and remand.

The complaint alleged the following facts. From February 1974 through April 1974, Horseman's Guarantee Corporation (Horseman's) issued checks drawn on defendant North Bank payable to plaintiff for various amounts. Horseman's delivered the checks to Lloyd Dillon, plaintiff's employee. Without plaintiff's knowledge or permission, Dillon forged plaintiff's endorsement and cashed the checks. The checks were paid by North Bank. Plaintiff received none of the checks' proceeds.

North Bank filed a third-party complaint against the collecting banks First National Bank of Chicago and Central National Bank. As affirmative defenses, the collecting banks alleged, *inter alia*, that Lloyd Dillon had authority as plaintiff's agent to endorse the checks and that plaintiff ratified Dillon's actions.

These affirmative defenses were adopted by North Bank and, in reply to plaintiff's motion for summary judgment, North Bank argued

that the defenses raised a genuine issue of material fact. Attached to North Bank's reply was the affidavit of Patrick J. Flavin, Jr., president of Horseman's. The affidavit stated, in part, that plaintiff ratified the endorsements and further stated to Flavin that Dillon's signature was to be effective. Plaintiff did not file a counteraffidavit. Thereafter, the trial court granted plaintiff's motion for summary judgment.

Defendant argues that a genuine issue of material fact was raised in its reply to the motion for summary judgment and that summary judgment was improperly granted.

■■ The Civil Practice Act provides that a motion for summary judgment may be granted "* * * if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1979, ch. 110, par. 57(3).) The right of a party to summary judgment must be free from doubt and, where doubt exists, the wiser judicial policy is to allow the matter to be determined after a trial. *Harris Trust & Savings Bank v. Joanna-Western Mills Co.* (1977), 53 Ill. App. 3d 542, 368 N.E.2d 629.

We believe a genuine issue of material fact was raised in this case and summary judgment therefore should not have been granted. Our reasoning follows.

Section 3—419(1)(c) of the Uniform Commercial Code (Ill. Rev. Stat. 1979, ch. 26, par. 3—419(1)(c)) provides that "[a]n instrument is converted when * * * it is paid on a forged indorsement." An action against the drawee is recognized in section 3—419(2) of the Code (Ill. Rev. Stat. 1979, ch. 26, par. 3—419(2)).

However, a forged endorsement may be ratified. Section 3—404 of the Code provides, in part:

"(1) Any unauthorized signature is wholly inoperative as that of the person whose name is signed *unless he ratifies it or is precluded from denying it* * * *.

(2) Any unauthorized signature may be ratified for all purposes of the Article." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 26, pars. 3—404(1), 3—404(2).)

By definition, an unauthorized signature includes forgery. Ill. Rev. Stat. 1979, ch. 26, par. 1—201(43).

■■ In the event that a forgery is ratified, it would appear from the aforementioned statutes that the signature would operate as that of the person whose name is signed. Hence, no action for conversion would lie where a forged endorsement is ratified.

■■ Here, the affidavit accompanying defendant's answer to the motion for summary judgment indicated that plaintiff ratified the endorsements made by Dillon and that the endorsements were effective as if they were

his own. Ratification and authorization are ordinarily questions of fact. (*Common Wealth Insurance Systems, Inc. v. Kersten* (1974), 40 Cal. App. 3d 1014, 115 Cal. Rptr. 653; *Orefice v. First National City Bank* (1971), 37 App. Div. 2d 830, 325 N.Y.S.2d 281.) Here, the matters raised in the affidavit were material since the North Bank defendant may be relieved of liability in the event the matters are proved. Therefore the issue of ratification should have been determined after a trial.

For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand the cause for further proceedings.

Judgment reversed; cause remanded.

O'CONNOR and LORENZ, JJ., concur.