RONALD CLOW, Plaintiff-Appellant, *v.* METROPOLITAN SANITARY DISTRICT OF GREATER CHICAGO, Defendant-Appellee.

First District (4th Division)  No. 82—3060

Opinion filed December 22, 1983.—Rehearing denied January 13, 1984.

Sidney Z. Karasik, of Chicago (Catherine L. Grahn, of counsel), for appellant.

Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago (Michael J. Gibbons and William E. Hoversen, Jr., of counsel), for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

Ronald Clow, the plaintiff, was injured while he was working on the construction of a tunnel. He filed a multi-count complaint. Only the count stating a cause of action under the Structural Work Act is now at issue. (Ill. Rev. Stat. 1981, ch. 48, pars. 60-69.) The trial court granted a motion for summary judgment in favor of the defendant, Metropolitan Sanitary District of Greater Chicago (MSD). Clow appeals.

Clow was employed as a locomotive engineer for a contractor on the project. MSD was the owner of the property and was allegedly in charge of the work. The job site consisted of a 30-foot diameter shaft which was approximately 280 feet deep and which provided access to two horizontal tunnels. Without incident Clow went down to the tunnel by means of a bucket lowered by a crane. As he emerged from the bucket he stood on some flooring. For purposes of the motion for summary judgment MSD accepted the fact that the flooring was a

structure within the purview of the Structural Work Act. The flooring was over a pit. It consisted of removable steel plates about four feet wide, eight feet long and one inch thick. The plates were laid close together and were not connected to each other or tied down. There was no framing on the sides. The area of the purported structure was about 16 feet by 12 feet. While Clow was standing on the flooring an explosion occurred in the shaft beneath him. Propane gas and/or diesel fuel was used on the project for heating and melting ice. The gas or oil was apparently the cause of the explosion. Clow was knocked to his knees but not off the platform. The explosion disrupted the arrangement of the plates. The complaint alleged that MSD was in charge of the work and wilfully violated the Structural Work Act because it failed to provide a safe, suitable and proper scaffold. Section 60 of the Structural Work Act provides:

> "That all scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed *** for the use in the erection, repairing *** of any *** structure, shall be erected and constructed, in a safe, suitable and proper manner *** to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon ***." (Ill. Rev. Stat. 1981, ch. 48, par. 60.)

Issues are raised as to whether this was a safe, suitable and proper structure and also as to proximate cause. We believe that the trial court properly entered judgment in favor of MSD because it was not shown that the structure was not erected in a safe, suitable and proper manner. Consequently, it is not necessary to consider the issue of proximate cause. See Illinois Pattern Jury Instruction, Civil, No. 180.09 (2d ed. 1971).

What is a safe, suitable and proper structure varies according to conditions and circumstances and no attempt has been made by the courts to define those terms. (*Louis v. Barenfanger* (1968), 39 Ill. 2d 445, 449, 236 N.E.2d 724, *cert. denied* (1968), 393 U.S. 935, 21 L. Ed. 2d 271, 89 S. Ct. 296.) Such questions are ordinarily for the jury. (*Oldham v. Kubinski* (1962), 37 Ill. App. 2d 65, 185 N.E.2d 270; *Burgh v. Crane Construction Co.* (1968), 102 Ill. App. 2d 188, 243 N.E.2d 590.) The Structural Work Act was designed to prevent injuries to persons employed in dangerous and extra-hazardous occupations and is to be liberally construed to that end. (*Crafton v. Lester B. Knight & Associates, Inc.* (1970), 46 Ill. 2d 533, 263 N.E.2d 817.) The Act is to "give protection to workmen engaged in structural work." *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1961), 22 Ill. 2d 305, 317, 175 N.E.2d 785, 791.

The failure to provide a structure is a violation of the Act. (*Louis v. Barenfanger* (1968), 39 Ill. 2d 445, 236 N.E.2d 724, *cert. denied* (1968), 393 U.S. 935, 21 L. Ed. 2d 271, 89 S. Ct. 296.) A safe, suitable and proper structure must protect a workman from falling off the structure or from the structure itself falling. (*Tenenbaum v. City of Chicago* (1975), 60 Ill. 2d 363, 371, 325 N.E.2d 607.) For purposes of this appeal, there was a structure in the instant case. Clow did not fall off the structure. The only suggestion that the structure was not safe, suitable and proper was that the unsecured planking was disrupted by the explosion and, Clow concludes, came up and struck him. The unsecured planking, however, did not render the structure unsafe, unsuitable or improper for engaging in structural work. A structure does not have to protect a workman from every hazard in the workplace, only hazards relating to structural work. An explosion is not, in our estimation, related to structural work.

Clow argues that MSD knew, either actively or constructively, that the gas or oil was placed below the scaffolding and that consequently, the Structural Work Act should require the structure to protect workers against such an explosion. For the reasons stated we do not think that the Act intended such a result. Whether the explosion resulted from negligence is not before the court at this time. To say that the Structural Work Act must protect against the explosion because gas or oil is on the premises would mean that the Structural Work Act must protect a worker against a fire because there are materials on a construction site which might cause a fire.

Clow also argues that whether the structure was safe, suitable and proper under the circumstances is a question of fact to be decided by the jury. However, that general proposition is modified by the exception that when the facts are undisputed and reasonable men could not draw different inferences from these facts a question of law is presented. (See *St. John v. City of Naperville* (1982), 108 Ill. App. 3d 519, 439 N.E.2d 12.) We do not believe that reasonable persons could draw any inference other than that the record fails to show that the structure was not safe, suitable and proper for structural work.

For the foregoing reasons, the decision of the trial court is affirmed.

ROMITI, P.J., and LINN, J., concur.

PRESIDING JUSTICE LINN, dissenting:
On petition for rehearing, Justice Linn would allow the petition

and dissents from the majority opinion for the following reasons:

The purpose of the Structural Work Act (Ill. Rev. Stat. 1981, ch. 48, pars. 60 through 69) is to prevent injuries to (*Halberstadt v. Harris Trust & Savings Bank* (1972), 7 Ill. App. 3d 991, 996, 289 N.E.2d 90, 94, *affirmed* (1973), 55 Ill. 2d 121, 302 N.E.2d 64) and protect (*Wright v. Synergistics, Inc.* (1977), 52 Ill. App. 3d 233, 235, 367 N.E.2d 466, 467) workers engaged in dangerous and extrahazardous occupations (*Crafton v. Lester B. Knight & Associates, Inc.* (1970), 46 Ill. 2d 533, 536, 263 N.E.2d 817, 819) or activities from certain risks inherent in the nature of their jobs (*Urman v. Walter* (1981), 101 Ill. App. 3d 1085, 1090, 428 N.E.2d 1051, 1055) so as to secure for them a safe place to work and provide them with a remedy for personal injuries suffered at the hazardous construction site. *Kelly v. Northwest Community Hospital* (1978), 66 Ill. App. 3d 679, 683, 384 N.E.2d 102, 105.

In order to fall within the ambit of the Act, the particular activity involved must be an integral part of the structural construction operation, as the Act is not intended to cover any and all construction activities whatsoever. (*Allen v. Godar* (S.D. Ill. 1979), 476 F. Supp. 172, 173.) Moreover, it is only when the injury has some connection with the hazardous nature of one of the devices named in the Act that a cause of action may be maintained under it. *St. John v. City of Naperville* (1982), 108 Ill. App. 3d 519, 524, 439 N.E.2d 12, 16.

The majority has concluded that no genuine issue of material fact exists as to whether the structure upon which plaintiff was standing at the time of the explosion was "erected in a safe, suitable and proper manner." This conclusion is based on my colleagues' reasoning that (1) "An explosion is not *** related to structural work" and (2) that the intent of the Structural Work Act is not to protect a worker against such an explosion. This antilogy is directly at odds with the purpose of the Structural Work Act and with the applicable law.

Here, the activity in which plaintiff was engaged at the time of the injury was clearly related to the structural construction operation. Equally clear is that plaintiff's injury, allegedly occasioned by the movement of unsecured planking, has some connection with the scaffold upon which he stood, a device, as defendant acknowledges, within the purview of the Structural Work Act. The fact that the explosion was or was not related to the structural work is irrelevant to a determination of whether the activity and the injury fall within he scope of the Act, and thereby give rise to a cause of action.

The relevance of the explosion is that it was a hazardous condition created and maintained within the work area by defendant. One in

charge who creates or maintains a hazardous condition within the work area becomes liable under the Act to those persons injured therein. (*Burke v. Illinois Power Co.* (1978), 57 Ill. App. 3d 498, 509, 373 N.E.2d 1354, 1366.) Liability from such hazardous condition will arise, however, only if plaintiff can show that (1) defendant, by maintaining or creating this hazardous condition, violated the Act, and (2) that this violation was the proximate cause of plaintiff's injury. (*Urman v. Walter* (1981), 101 Ill. App. 3d 1085, 1090, 428 N.E.2d 1051, 1055.) The majority addressed only the first of these prerequisites to liability. Having concluded that "it was not shown that the structure was not erected in a safe, suitable and proper manner," my colleagues have resolved that defendant did not violate the Act and that, consequently, it is not necessary to consider the issue of proximate cause. Resolution of disputed facts, however, is not the purpose of a summary judgment proceeding. Summary judgment is not designed to try an issue of fact but rather to determine whether there is an issue of fact to be tried. (*Bultman v. Bishop* (1983), 120 Ill. App. 3d 138.) Because the Structural Work Act requires a safe, suitable and proper scaffold and does not specifically define what constitutes such a scaffold, this question is one of fact to be determined by the jury. *Zizzo v. Ben Pekin Corp.* (1979), 79 Ill. App. 3d 386, 393, 398 N.E.2d 382, 387.

The majority's assertion that the Act is not intended to protect a worker against such as the instant explosion also raises a question of fact. The real issue at bar is whether the presence of explosives in the pit beneath the scaffold upon which plaintiff stood, while engaging in an activity related to the structural work, rendered either the scaffold or the work area unsafe, unsuitable or improper so as to deny plaintiff adequate protection to his life and limb. This issue arises, as do all issues by definition, out of disputed facts. In light of the intent of the Act to protect workers, prevent injuries arising out of risks created by dangerous activities, and provide a safe work area, I cannot readily conclude, as have my able colleagues, that this particular explosion under these particular circumstances is not one of the dangers against which the Act was intended to protect.

The right to summary judgment must be clear beyond question. (*Rubin v. City National Bank & Trust Co.* (1980), 81 Ill. App. 3d 1020, 1022, 402 N.E.2d 281, 282.) Where, as here, doubt exists, the more prudent judicial policy is to allow the matter to proceed to trial. *Johnson v. North Bank* (1981), 99 Ill. App. 3d 320, 322, 426 N.E.2d 4, 5.

For these reasons, I respectfully dissent.