RICHARD GENE WILSON, Plaintiff, *v.* ILLINOIS BELL TELEPHONE COMPANY *et al.*, Defendants—(ILLINOIS BELL TELEPHONE COMPANY, Counterplaintiff-Appellant, *v.* V. JOBST & SONS, INC., Counterdefendant-Appellee.)

(No. 73-241;

Third District—April 18, 1974.

*Rehearing denied May 22, 1974.*

Jerry T. Stafford and Edward Butts, both of Peoria, for appellant.

Thomas Hayes, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-appellant, Richard Wilson, brought this action in the circuit court of Peoria County against defendant, Illinois Bell Telephone Company, and defendant-appellant, V. Jobst & Sons, Inc., alleging negligence and violations of the Structural Work Act against each defendant. Illinois Bell Telephone Company filed a counterclaim against V. Jobst & Sons, Inc., seeking indemnity.

In 1969 Bell engaged Jobst to make certain alterations to Bell's dial building, consisting of removal of the ceilings in the equipment areas along with associated electrical and mechanical work. Part of the job was to construct a box-type structure or platform around certain electronic switching equipment for the purpose of protecting such equipment during the construction and alteration work. Wilson was an employee of Western Electric Co., Inc., which company maintained and repaired certain electrical equipment belonging to and in the building of Bell. On the day in question, Wilson was in the area of the structure for the purpose of mining cable. From the top of the structure built by Jobst, Wilson stepped up about 18 inches onto a steel beam or superstructure, a permanent part of the building, and he began pulling cable from the cable rack. When the cable which he was pulling gave way, Wilson spun and fell off the beam onto the top of the box-like enclosure built by Jobst thereby sustaining personal injuries. Normally he worked on a rolling ladder; however, it was necessary to remove the ladder because of the alteration work.

The count in the complaint against Jobst charging violation of the Structural Work Act (Ill. Rev. Stat. 1971, ch. 48, pars. 60-69) alleged unsafe surface of the structure, improper placement of the structure, lack of safety rail or device and failure to properly clean and maintain the structure. The court based on negligence stated allegations similar to those in the statutory cause of action.

Jobst filed a motion for summary judgment attaching excerpts from Wilson's deposition. Wilson filed an affidavit in opposition to the motion. On January 14, 1972 the trial court granted defendant's motion for summary judgment. On July 6, 1973 by stipulation of Wilson and Bell the counts alleging liability against Bell were dismissed. A covenant not to sue was executed between them settling all issues concerning them and a payment of $21,000 was made to Wilson. It is this payment for which Bell seeks indemnity from Jobst.

Appellant-counter-plaintiff, Illinois Bell Telephone Company alleges that the basis of its right to indemnity is the construction contract between it and Jobst pertaining to the construction of the enclosure onto which Wilson fell. According to the countercomplaint the contract provided that Jobst shall save Bell harmless from any liability based on the Structural Work Act. Jobst filed a motion for summary judgment alleging the enclosure had been completed prior to the incident causing injury to Wilson and therefore the cause of action did not arise out of the "doing, execution or completion of the work" as conditioned by the contract. The motion also stated that Bell was not to be relieved of liability due to its own negligence and that Wilson in his deposition, excerpts of which were made a part of the motion, stated the manner in which the incident occurred. The motion was supported by affidavit. Bell filed a motion to strike the motion for summary judgment supported by counter-affidavits. The trial court granted summary judgment on the counterclaim in favor of Jobst.

■■ On this appeal our first consideration relates to the complaint filed by Wilson against Jobst and whether a genuine issue as to material fact exists. The purpose of a summary judgment procedure is to determine whether a genuine and material dispute of fact exists (*Renieris v. Village of Skokie*, 85 Ill.App.2d 418, 229 N.E.2d 345), and if no material factual issue exists, the motion is properly granted. (Ill. Rev. Stat. 1971, ch. 110, par. 57.) The question of proximate cause under the Structural Work Act is ordinarily a question of fact for the jury and becomes a question of law only when facts are not disputed and where there can be no difference in the judgment of reasonable men on the inferences to be drawn. (*Oldham v. Kubinski*, 37 Ill.App.2d 65, 185 N.E.2d 270, and *Schultz v. The Henry Ericsson Co.*, 264 Ill. 156, 106 N.E. 236.) In general plaintiff complains that the trial court overlooked the significance of the facts concerning causation. We do not agree. The enclosure constructed by Jobst was not being used as a scaffold at the time of the incident. There is no causal relationship between Wilson's fall from the permanent steel beam and any activity related to the enclosure built by Jobst. Wilson stated in his deposition that there was nothing about the structure built by Jobst which caused his fall. It is our belief that there is no genuine issue of material fact and therefore summary judgment in favor of defendant Jobst was properly granted by the trial court.

■■ The next matter to be considered relates to the counterclaim filed by Bell against Jobst for indemnification of the $21,000 payment made to Wilson in settlement of his rights. By upholding the summary judgment against Wilson, it has been determined that Jobst is not liable

for negligence or for violation of the Structural Work Act. It is the contention of the appellant, Bell, that even though Jobst was not negligent or guilty of violating the Structural Work Act, a contractual provision requires Jobst to indemnify Bell. On the other hand, the appellee, Jobst, maintains that the language of the contract does not provide for indemnity due to acts of negligence or other wrongdoing committed by Bell. The indemnification provision of the contract states:

> "If the Owner * * * is made party to any suit or proceeding because of any injury * * * to * * * any person * * * alleged to have arisen by reason of any of the things in this contract aforesaid, or to have resulted from operations under this contract * * * the Contractor shall, if the owner so requests, assume the defense * * * and shall in any event protect and save the Owner * * * harmless therefrom and from any and all costs, expenses, and reasonable attorneys' fees incurred by, and any and all claims, demands, judgments, orders or decrees against the Owner * * * in and about and arising from said matters and things * * *"

Having reviewed the pleadings, deposition, and affidavits, it does not appear that the activities and the work being performed by the injured Wilson had any connection or relationship to the work performed by Jobst pursuant to the contract. The contract requires the injury to have arisen by reason of "any of the things" in the contract or "resulted from operations" under the contract. Wilson's work was being performed under a separate contract which Bell had with Western Electric and although such work may have been for the purpose of repair or alteration, there is no showing that it was connected with the job of removing ceilings which was the subject of the contract between Jobst and Bell.

Bell has devoted a substantial part of its brief to arguing that by contract it may be indemnified against its own misconduct and indicating that the breadth or narrowness of the language of the agreement is the determining factor. We have no quarrel with this proposition or cases such as *Northern States Co. v. A. Finkel & Sons Co.*, 8 Ill.App.2d 419, 132 N.E.2d 59, and *Deel v. United States Steel Corp.*, 105 Ill.App.2d 170, 245 N.E.2d 109, cited by the appellant, but we believe that in the instant case the primary inquiry is whether the event and its consequences are within the terms of the contract regardless of whether a party is seeking a recovery for its own misconduct.

Although Wilson's allegations against Jobst and Bell are the same, Wilson's activities must be considered in light of his relationship as to each of them. After consideration of the affidavits and deposition, the

relationship with Bell takes on a different significance. Mining cable was part of a contract which Bell had with Western Electric, Wilson's employer, and was not a part of the construction contract with Jobst. Bell assumed liability in its settlement with Wilson. We find no material issues of fact and believe Jobst is entitled to judgment as a matter of law. The facts as presented show no basis whereby Jobst has a duty to indemnify Bell. There was no error in granting summary judgment on the counterclaim in favor of Jobst.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

SCOTT, P. J., and DIXON, J., concur.