HENRY ST. JOHN, Plaintiff-Appellant, *v.* THE CITY OF NAPERVILLE, Defendant-Appellee.

Second District   No. 81-787

Opinion filed August 4, 1982.

Robert A. Shipley and Brian Higgins, both of Copeland, Finn and Fieri, Ltd., of Chicago, for appellant.

Marvin J. Glink, Katherine S. Janega, and George G. Davidson, all of Ancel, Glink, Diamond, Murphy & Cope, P. C., of Chicago, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Henry St. John, appeals from a pretrial order granting judgment in favor of defendant, City of Naperville (Naperville). The only issue on appeal is whether the Illinois Structural Work Act (Ill. Rev. Stat. 1979, ch. 48, par. 60 *et seq.*) is applicable under the facts stipulated to in the case at bar.

The plaintiff's fourth amended complaint was brought in two counts alleging a cause of action in count I under the Illinois Structural Work Act and in count II under common law negligence against Naperville and other named defendants not parties to this appeal. Count I, the only count pertinent in this appeal, alleged that on the date of the occurrence Naperville provided the electric power for the development of a real estate housing development and subdivision; that plaintiff was in the employ of Utility Dynamics Corporation which was hired to do electrical line work on the subdivision in connection with its erection and construction; that as plaintiff was engaged in the repair of a power line and transformer and installation of a pedestal, he was "required" to grasp the power line which was charged thereby causing him severe injury; and that Naperville vio-

lated the provisions of the Structural Work Act in numerous respects including the wilful failure to provide a crane to assist the plaintiff in performance of his duties and the wilful failure to provide a scaffold where plaintiff could safely engage in the repair of the power line and transformer while in the course of his employment. Naperville filed a motion to dismiss under section 48 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48), stating that plaintiff alleged that he was injured when he grasped a certain power line, that there is no allegation in the fourth amended complaint, that this occurrence involved the use of a scaffold, and that plaintiff's discovery deposition indicated that he was standing in a ditch grasping the wire when the accident happened. The trial court heard arguments on this motion, at which time the plaintiff's deposition was referred to and read from on several occasions. However, that deposition is not a part of the limited record on appeal provided to us. The parties also stipulated to certain facts as to how the plaintiff was injured. The court below reserved its ruling and indicated it would file a written opinion on the motion.

Subsequently, in a letter of opinion filed in this cause the trial court indicated that the section 48 motion actually was a section 57 (Ill. Rev. Stat. 1979, ch. 110, par 57) motion for summary judgment since it was based upon a stipulated set of facts gleaned from the plaintiff's deposition. The letter of opinion set forth the following as stipulated facts:

"That on the day the plaintiff was injured he was employed as an electrician working on a power line located in a sub-division of Naperville. More specifically at the time he was standing in a ditch that was 3 feet deep and 8 inches wide. The purpose of the ditch was to act as the underground placement area for the electrical wire that he was holding in his hand at the time. The plaintiff mistakenly concluded that the wire in question was not energized when in fact it was. While standing in this ditch a coworker cut the cable causing it to fly about and burn the plaintiff."

The trial court found the Structural Work Act inapplicable to the facts stated and granted summary judgment in favor of Naperville. In a subsequent written order the court found no just reason to delay the enforcement or appeal of the order, and plaintiff has taken this interlocutory appeal pursuant to Supreme Court Rule 304(a) (91 Ill. 2d R. 304(a)).

In this appeal plaintiff has not taken exception to the trial court's recitation of the stipulated facts contained in its letter of opinion or to

the court's treatment of Naperville's section 48 motion as a summary judgment motion. Rather, the only issue raised by plaintiff is whether the Illinois Structural Work Act is applicable to the facts here. The plaintiff argues that the erection of new power lines is an integral part of the construction of the subdivision, that the ground level of the ditch plaintiff was working in provided the sole support for the plaintiff and was a scaffold, and that "[t]he defect existing in the electrical line structure was that the line being installed was energized, when it should not have been *** [which] was the direct and proximate cause of Mr. St. John's injury."

The issue of this appeal involves the applicability of section 1 of the Structural Work Act, which provides:

"[A]ll scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon." Ill. Rev. Stat. 1979, ch.48, par. 60.

■ The Illinois Structural Work Act is designed to protect work activities of a particularly hazardous nature and to lessen the extent of the danger. (*Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 127, 302 N.E.2d 64; *Crist v. Debron Corp.* (1981), 96 Ill. App. 3d 668, 421 N.E.2d 997.) The Act should be given a liberal construction to effectuate its purpose of protecting persons engaged in extra-hazardous occupations of working in and about construction, repairing, alteration or removal of buildings, bridges, viaducts, and other structures. (*McNellis v. Combustion Engineering, Inc.* (1974), 58 Ill. 2d 146, 151, 317 N.E.2d 573.) Nonetheless, the Act is not intended to cover any and all construction activities or all injuries at or near a construction site. *Crafton v. Lester B. Knight & Associates, Inc.* (1970), 46 Ill. 2d 533, 263 N.E.2d 817; *Urman v. Walter* (1981), 101 Ill. App. 3d 1085, 1090, 428 N.E.2d 1051.

In an action brought under the Structural Work Act, it has been stated that the plaintiff must prove that: (1) he was engaged in or was passing under or by a structural activity; (2) the activity was being performed with reference to a structure; (3) a scaffold or other

mechanical device was being used; (4) a defect existed in the construction or use of the device; (5) the defect proximately caused his injuries; (6) the defendant had charge of the work; and (7) the defendant wilfully violated the Act's safety standard. Comment, *The Illinois Structural Work Act*, 1975 U. Ill. L.F. 393, 395.

The Act's application is limited to the use of "scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances" in performing specified activities upon structures. (*Long v. City of New Boston* (1982), 91 Ill. 2d 456, 440 N.E.2d 625.) A decedent killed by the collapse of a trench in which he was installing sewer tiles in connection with town house units under construction was held to be working upon a sewer system " 'which we clearly conceive to be a "structure" under the Structural Work Act either considered by itself or as an integral part of the buildings being erected on a construction site.' " (*Navlyt v. Kalinich* (1972), 53 Ill. 2d 137, 138-39, 290 N.E.2d 219.) On the other hand, in *Allen v. Godar* ( S.D. Ill. 1979), 476 F. Supp. 172, it was held that a worker killed while engaged in the clearing of a site in preparation for construction of a structure was not involved in a construction activity sufficient to impose liability under the Illinois Structural Work Act. Under the allegations of the fourth amended complaint and the stipulated facts in the instant case, we find it difficult to determine precisely where the ditch plaintiff was working in was located in relation to construction in the development of the subdivision and at what stage the construction activity had progressed. Nevertheless, we will assume for the sake of argument that plaintiff was engaged in a structural activity and that the ditch he was working in was a scaffold, for we believe that the dispositive issue is whether the ditch which plaintiff claims is a scaffold proximately caused the injury to the plaintiff.

■ The operation of the scaffold or the failure to provide scaffolding must be the proximate cause of plaintiff's injury. (See *Crafton v. Lester B. Knight & Associates, Inc.* (1970), 46 Ill 2d 533, 263 N.E.2d 817; *Frake v. Paschen Contractors, Inc.* (1969), 113 Ill App. 2d 403, 252 N.E.2d 14.) It is plaintiff's contention that the ground in the ditch was being used as his means of support while he was engaged in his work. The use of a scaffold is not limited to certain areas of a structure nor by the fact that the work is being performed above or below ground (*Navlyt v. Kalinich* (1972), 53 Ill. 2d 137, 290 N.E.2d 219); what is a scaffold is not limited to the identity of the object, but rather how it was being utilized at the time of the injury (*Quinn v. L.B.C., Inc.* (1981), 94 Ill. App. 3d 660, 663, 418 N.E.2d 1011); and

the failure to provide scaffolding can be the basis of a cause of action under the Act. (*Louis v. Barenfanger* (1968), 39 Ill. 2d 445, 236 N.E.2d 724.) Assuming *arguendo* that the ground in the ditch upon which plaintiff was standing was a scaffold (see *Urman v. Walter* (1981), 101 Ill. App. 3d 1085, 428 N.E.2d 1051 (discussion of what may be a scaffold)), there is nothing in the record that a failure of the scaffold here proximately caused plaintiff's injury.

Although plaintiff's pleadings generally allege the failure to provide a scaffold where he could safely work and the failure to provide a crane to assist him, the stipulated facts do not support these allegations nor attribute any defect in the ditch or its shoring which caused the accident. Additionally, in a portion of plaintiff's deposition referred to in the transcript of the arguments on Naperville's motion to dismiss, plaintiff stated that a scaffold was not necessary to perform the duties on the date in question.

Thus, the stipulated and undisputed facts are that while standing in a ditch plaintiff was injured when a co-worker cut an electrical wire "causing it to fly about and burn the plaintiff." Clearly, plaintiff's injury was not proximately caused by anything related to the failure of the alleged scaffold to function in a manner falling within the requirements of the Act. It is only when an injury has some connection with the hazardous nature of one of the devices named in section 1 of the Act that a cause of action may be maintained under that section of the Act. *Tenenbaum v. City of Chicago* (1975), 60 Ill. 2d 363, 371, 325 N.E.2d 607.

The question of proximate cause under the Structural Work Act is ordinarily a question of fact for the jury and becomes a question of law only when facts are not disputed and where there can be no difference in the judgment of reasonable men on the inferences to be drawn. (*Wilson v. Illinois Bell Telephone Co.* (1974), 19 Ill. App. 3d 47, 49, 310 N.E.2d 729.) Summary judgment may be proper where the material facts are not in dispute and the controversy is over the proper construction of the Structural Work Act and whether the facts sustain a cause of action. (*Rayfield v. Homart Development Co.* (1981), 100 Ill. App. 3d 620, 623, 427 N.E.2d 193.) As under the stipulated facts here the alleged scaffold had nothing to do with the injury caused to the plaintiff, the trial court's order granting summary judgment for defendant will be affirmed.

Affirmed.

LINDBERG and VAN DEUSEN, JJ., concur.