CHARLES E. KOCHAN et al., Plaintiffs-Appellants, v. COMMONWEALTH EDISON COMPANY et al., Defendants-Appellees.

First District (4th Division)   No. 83—1997

---

Opinion filed May 3, 1984.

LINN, P.J., dissenting.

B. John Mix, Jr., of Chicago, for appellant Charles E. Kochan.

Lord, Bissell & Brook, of Chicago, for appellee A. L. Salzman & Sons, Inc.

Purcell & Wardrope, of Chicago, for appellees R. S. Anderson Company, Ruth Kalnitz, and Phyllis Slavin.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee Central Electric Construction Company.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Charles Kochan, appeals an order of the trial court granting judgment for defendants on those counts of his complaint alleging a cause of action under the Structural Work Act (Ill. Rev. Stat. 1979, ch. 48, par. 60 *et seq.*) (hereinafter the Act). The sole issue to be considered by this court is whether the trial court erred in holding that plaintiff established no cause of action under the Act.

We affirm.

On May 10, 1983, plaintiff filed a second amended 12-count complaint against defendants asking damages for injuries he suffered while performing electrical work on August 9, 1980. At that time plaintiff was employed by his father's company, Arcade Electric Company, which had a subcontract with Central Electric Construction Company (Central Electric) for the installation of an electrical system in a new building under construction in Chicago, Illinois. A. S. Salzman & Sons, Inc. (Salzman), was the architect and general contractor, and Ruth Kalnitz and Phyliss Slavin are owners of R. S. Anderson Company (Anderson) which owned the building. Commonwealth Edison Company owned the electrical conductors located on the premises.

This appeal is concerned with the dismissal of counts VII, IX and XI, which alleged violations of the Structural Work Act by Salzman, Anderson and its owners, and Central Electric. Other counts alleged negligence and loss of consortium by plaintiff's wife. Plaintiff alleged that those defendants had a duty to comply with the Act "so as to

give proper and adequate protection to the life of persons employed and engaged on ladders" including plaintiff. He further alleged the following:

"The ladder upon which the Plaintiff was standing was not erected and constructed in a safe, suitable and proper manner, and was not so erected, constructed, placed and operated, so as to give the proper and adequate protection to the life and limb of any person employed thereon, including Plaintiff in that:

(a) The ladder was of an inadequate height and width for safe standing and movement;

(b) The ladder was in a dangerous and hazardous condition;

(c) The ladder had no safety railings;

(d) The ladder had no place to secure hand holds;

(e) The ladder was not erected, placed and operated so as to give proper and adequate protection."

Plaintiff claimed that defendants "knew or should have known or did fail to discover" violations of the Act, and these violations were the proximate cause of his injury.

In a deposition held on September 22, 1981, plaintiff described the circumstances surrounding his accident. On the day before the accident, plaintiff's father warned him about the high voltage wires over the work area that had insulation which had worn thin in places. The accident occurred around 2:20 p.m. on August 9, 1980. There was water on the roof where plaintiff was working. After placing the ladder in position, plaintiff stood on the stable wooden ladder to install electrical wires. It was the proper height for the job. He would use it again if he had to do the same work again, and no other type of ladder would have been safer to use. He was pushing the wires down a service head with his hands. He was not using any tools nor was he wearing a tool belt. The ladder stood on a piece of plywood. Plaintiff had no recollection of his electrical shock. His next memory was awakening on the roof and asking a neighbor, who had been on the roof observing him work, if his leg was broken. Subsequently, plaintiff was in and out of consciousness. Later the neighbor told plaintiff that when he received the shock, he glowed red and did not breathe for a few minutes. The neighbor was unable to resuscitate plaintiff because plaintiff's teeth were clenched. Plaintiff had no recollection of whether or not he fell off the ladder. His father theorized that the wires broke.

Defendants responded to plaintiff's complaint with motions for summary judgment on those counts premised on violations of the Act. The trial court gave judgment for defendants and against plaintiff

stating that the ladder was not the proximate cause of plaintiff's injuries but was merely a device which provided access to his work. According to the trial court, "the dangerous condition [electrical wires] would be present no matter what structure nor how safe the structure. There is no claim here that the ladder should have been insulated or have guard rails to prohibit it from coming in contact with the electricity. The theoretical device that plaintiff would claim to be 'safe' would [under the facts of this case] be a device that would prevent plaintiff from having access to the work." Plaintiff appeals from the grant of summary judgment for defendants.

At issue in this case is whether plaintiff established a cause of action against defendants under the Structural Work Act. Plaintiff argues that the purpose of the Act is to provide persons involved in hazardous construction activities with protection from serious injury and a remedy for the failure to provide them with a safe place to work. The positioning of a ladder in a place which jeopardizes a worker's life can be a violation of the Act. Plaintiff claims that the ladder was so placed that he came within a few feet of dangerous uninsulated high tension lines. According to plaintiff, whether the ladder was improperly placed is an issue of fact for the jury to decide as well as whether the violation of the Act was the proximate cause of his injuries.

■ The Structural Work Act provides in pertinent part:

"[S]caffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon." (Ill. Rev. Stat. 1979, ch. 48, par. 60.)

The object of the Act is to prevent injuries to persons employed in dangerous and extrahazardous occupations so that negligence on their part in the manner of doing their work might not prove fatal. Nevertheless, it is still necessary that the statutory violation of the defendant be a contributing cause of plaintiff's injury to sustain liability under the Act. Where the statutory violation does not contribute to proximately cause plaintiff's injury, and where only plaintiff's negli-

gence causes the injury, then no liability arises under the terms of the statute. (*Smith v. Georgia Pacific Corp.* (1980), 86 Ill. App. 3d 570, 573, 408 N.E.2d 117, 119-20.) In order to accomplish its purpose, our courts have adopted a liberal construction of the Act. *Zizzo v. Ben Pekin Corp.* (1979), 79 Ill. App. 3d 386, 393, 398 N.E.2d 382, 387.

In an action brought under the Structural Work Act, plaintiff must prove that (1) he was engaged in or was passing under or by a structural activity; (2) the activity was being performed with reference to a structure; (3) a scaffold or other mechanical device was being used; (4) a defect existed in the construction or use of the device; (5) the defect proximately caused his injuries; (6) the defendant had charge of the work; and (7) the defendant willfully violated the Act's safety standard. *St. John v. City of Naperville* (1982), 108 Ill. App. 3d 519, 522-23, 439 N.E.2d 12, 15.

■ In our opinion, plaintiff's complaint is fatally defective because no defect in the construction or use of the ladder caused his injuries. At his deposition, plaintiff stated that the wooden step ladder was stable, in good condition, and the proper height. Plaintiff himself placed the ladder in its position on the roof. He would use the same ladder if he had to perform the same work again. No other type of ladder would have been safer to use on the day of the accident. The day before the accident, his father had warned him about the high voltage wires. In the instant case, the danger was caused by the overhead electrical lines, not by the ladder.

The question of proximate cause under the Structural Work Act is ordinarily a question of fact for the jury and becomes a question of law only when facts are not disputed and where there can be no difference in the judgment of reasonable men on inferences to be drawn. Summary judgment may be proper where the material facts are not in dispute and the controversy is over the proper construction of the Act and whether the facts sustain a cause of action. (*St. John v. City of Naperville* (1982), 108 Ill. App. 3d 519, 524, 439 N.E.2d 12, 16.) We hold that the ladder did not cause plaintiff's injury and that the trial court properly granted summary judgment to defendants.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ROMITI, J., concurs.

PRESIDING JUSTICE LINN, dissenting:

I respectfully dissent from the decision of my colleagues.

The Structural Work Act provides in pertinent part that

"[A]ll *** ladders *** shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon ***." (Ill. Rev. Stat. 1981, ch. 48, par. 60.)

It is clear from the plain language of the statute that an unsafe erection, placement, or operation of a ladder, which gives improper and inadequate protection to the life and limb of an employee engaged thereon, may be a violation of the Act. (*Smith v. Georgia Pacific Corp.* (1980), 86 Ill. App. 3d 570, 574, 408 N.E.2d 117, 120.) To hold defendants liable under the Act, plaintiff must therefore prove, *inter alia*, that (1) the ladder upon which he was working was not erected in a safe, suitable and proper manner or was not placed or operated so as to give adequate protection to his life and limb, and (2) that the improper erection or placement of the ladder caused his injuries. (*McInerney v. Hasbrook Construction Co.* (1973), 16 Ill. App. 3d 464, 468, 306 N.E.2d 619, 622, *aff'd in part & rev'd in part on other grounds* (1975), 62 Ill. 2d 93, 338 N.E.2d 868.) Liability, therefore, hinges on issues of causation.

As the majority notes, the question of proximate cause under the Structural Work Act is ordinarily a question of fact for the jury and becomes a question of law only when facts are undisputed, and where there can be no difference in the judgment of reasonable men on the inferences to be drawn. (*Wilson v. Illinois Bell Telephone Co.* (1974), 19 Ill. App. 3d 47, 49, 310 N.E.2d 729, 731.) Based largely on plaintiff's deposition testimony, the majority has found, as a matter of law, that (1) the ladder was not "defective," (2) the ladder was not the proximate cause of plaintiff's injuries, and that therefore (3) there was no violation of the Structural Work Act.

In order to affirm the trial court's grant of summary judgment, the majority must also have found that no genuine issue as to any material fact exists between the parties (*Kusiciel v. La Salle National Bank* (1982), 106 Ill. App. 3d 333, 338, 435 N.E.2d 1217), and that the moving party is entitled to judgment as a matter of law. (*Finance America Commercial Corp. v. Econo Coach, Inc.* (1981), 95 Ill. App. 3d 185, 187, 419 N.E.2d 935, 938.) We cannot agree that, as a matter of law, no genuine issue as to the facts of causation exists between the parties:

"We cannot say as a matter of law that the evidence reveals

no violation of the [Structural Work] Act. Although the defendant argues that the ladder was not defective, the purpose of the Act is not to protect the workmen from defective scaffolds. [Citation.] The Act provides that workmen must be provided with a safe, suitable and proper scaffold which will furnish them with proper and adequate protection. Because the statute does not define what constitutes a safe, suitable and proper scaffold, this question is one of fact to be determined by the jury. [Citations.] *Zizzo v. Ben Pekin Corp.* (1979), 79 Ill. App. 3d 386, 393, 398 N.E.2d 382, 387.

The finding that the ladder was not in and of itself "defective" is not dispositive for, as plaintiff notes, the Act is not directed solely towards a "defective" scaffold. (*Domena v. Prince* (1977), 52 Ill. App. 3d 462, 466, 367 N.E.2d 717, 720.) Thus, plaintiff's failure to allege an inherent, structural defect does not justify the conclusion either that the ladder was not the proximate cause of plaintiff's injury or that the Act has not been violated.

The proximate cause of an injury is generally a question of fact for the jury. (*Zizzo v. Ben Pekin Corp.* (1979), 79 Ill. App. 3d 386, 394, 398 N.E.2d 382, 387.) The majority refers to several statements made by plaintiff in his deposition to support its finding that the ladder was not the proximate cause of plaintiff's injury. Plaintiff, however, is not a safety expert (*Kleeman v. Fragman Construction Co.* (1980), 91 Ill. App. 3d 455, 458, 414 N.E.2d 1064, 1067); his deposition testimony is not conclusive and does not preclude him from offering additional evidence on this issue at trial. (*Wood v. Commonwealth Edison Co.* (N.D. Ill. 1972), 343 F. Supp. 1270, 1272.) Summary judgment cannot be granted on the basis of these statements by plaintiff. 343 F. Supp. 1270, 1272.

It therefore appears clear that (1) whether the placement and operation of the ladder was unsafe, and (2) whether this unsafe placement and operation caused or contributed to plaintiff's injury are indeed genuine issues of material fact, and that reasonable men could differ in the inferences to be drawn from these facts.

Because proximate cause cannot, under these facts, be determined as a matter of law, and summary judgment cannot properly lie, I dissent from the majority opinion.