BENJAMIN GILL *et al.*, Special Adm'rs of the Estate of Lonnie Joe Gill, Deceased, Plaintiffs-Appellants, v. PARCABLE, INC., *et al.*, Defendants-Appellees.

Fifth District    No. 5—84—0604

Opinion filed November 13, 1985.

Harris, Lambert & Wilson, of Marion, for appellants.

John Jacobsen and Jerome McDonald, both of Campbell, Furnall, Moore & Jacobsen, P.C., of Mt. Vernon, for appellee Edwards County Community Unit School District Number One.

Jeffrey R. Glass, of Wagner, Bertrand, Bauman & Schmieder, of Belleville, for appellee ParCable, Inc.

JUSTICE KARNS delivered the opinion of the court:

Plaintiffs, Benjamin and Sandra Gill, appeal from the dismissal of their complaint brought pursuant to the Illinois Structural Work Act (Ill. Rev. Stat. 1983, ch. 48, par. 60 *et seq.*). For our consideration in the question of whether the facts alleged by plaintiffs state a cause of

action under the Act.

Plaintiff's decedent was their son, Lonnie Joe Gill, who was injured and died in the course of his employment with Communication Systems Construction, Inc. (CSC). CSC had been engaged by defendant, ParCable, Inc., to install the outside and inside wiring necessary for the installation of a cable television system at the high school of defendant, Edwards County Community School District No. One, as part of a system being installed in the city of Albion. The school district had asked that the service wiring be brought in through the east side of the school building. In order to facilitate this request, the decedent was required to affix fasteners to nearby utility poles which were to be used to secure and attach the cable television line so that it could be extended into the building. To attach the fasteners, the decedent stood on a platform comprised of the two utility poles across which a horizontal board had been situated. Sitting on the board were three electricity transformers housing high voltage uninsulated wires. The platform, poles, and transformers were owned and maintained by Central Illinois Public Service Company (CIPS), who had an agreement with ParCable whereby the cable company was permitted use of the utility poles for the purpose of erecting and maintaining its various cable television systems. While the decedent performed his assigned task, he came into contact with a highly charged electrical wire extending from one of the transformers. Fatal injuries resulted.

Plaintiffs' amended count II sought damages against the cable company, the school district, and the utility company, alleging that each of them violated the provisions of section one of the Structural Work Act. (Ill. Rev. Stat. 1983, ch. 48, par. 60.) The trial court dismissed the action against all three defendants. CIPS is not a party to this appeal for reasons we need not address in this opinion.

■ The elements which must be pleaded and proved in an action brought under the Structural Work Act were recently enumerated in *Kochan v. Commonwealth Edison Co.* (1984), 123 Ill. App. 3d 844, 463 N.E.2d 921. Applied to the instant case, the plaintiffs must allege that: (1) the decedent was engaged in or was passing under or by a structural activity; (2) the activity was being performed with reference to a structure; (3) a scaffold or other mechanical device was being used; (4) a defect existed in the construction or use of the device; (5) the defect proximately caused the decedent's injuries; (6) the defendants had charge of the work being performed; and (7) the defendants wilfully violated the Act's safety standard. (123 Ill. App. 3d 844, 848, 463 N.E.2d 921, 924.) In its order of dismissal, the trial court ruled that plaintiffs had not stated a cause of action, but it did

not articulate the precise basis on which the complaint failed. It is suggested by the defendants in their answer brief that the decedent was not engaged in work on a structure, that the defendants were not in charge of his work, and that no defect existed in the platform which caused the injury and death of plaintiffs' son.

■■ ■ The Structural Work Act should be liberally interpreted in order to effectuate its purpose of protecting persons engaged in extrahazardous occupations listed in the Act. (*McNellis v. Combustion Engineering, Inc.* (1974), 58 Ill. 2d 146, 317 N.E.2d 573; *St. John v. City of Naperville* (1982), 108 Ill. App. 3d 519, 439 N.E.2d 12.) Plaintiffs have stressed this principle and urge that a liberal construction would sustain their cause of action. However, the Act is not intended to include any and all construction activities or all injuries at or near a construction site (108 Ill. App. 3d 519, 522, 439 N.E.2d 12, 14), and we conclude on the facts pleaded here that the Act does not encompass the activity or injury described by plaintiffs. Moreover, despite plaintiffs' contrary assertion, recent decisions of the supreme court do not give the Act the expansive construction sought in the instant case. See *Innis v. Elmhurst Dodge, Inc.* (1985), 107 Ill. 2d 151, 481 N.E.2d 709.

■■ Section 1 of the Act provides for the proper erection and construction of "all scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, *** for the use in the erection, repairing, alteration, removal, or painting of any house, building, bridge, viaduct, or other structure ***." (Ill. Rev. Stat. 1983, ch. 48, par. 60.) Initially, we must decide whether the construction of a cable television system is a structural activity within the meaning of the statutory term. Plaintiffs argue that because the decedent was fastening permanent wires to the utility pole, he was engaged in a structural activity.

It has never been decided by an Illinois court whether an individual utility pole is a structure. In *Wood v. Commonwealth Edison Co.* (N.D. Ill. 1972), 343 F. Supp. 1270, the Federal district court held that a wooden utility pole in conjunction with its crossbeams and wires was a structure for purposes of the Act. We are inclined to reject such broad statutory construction, and, in any event, do not find *Wood* persuasive on the facts alleged here. The plaintiff in *Wood* was injured as he fell from a pole to which he was stringing additional wire, and thus involved in an alteration of the pole itself as part of a structure for the transmission of electricity. In the instant case, the decedent's task was unrelated to the pole as part of a structural system of electricity.

Our review of the Illinois cases which have adopted a flexible ap-

proach towards defining "structural activity" has led us to conclude that it is generally because the work involved was integrated into a larger system or scheme of construction. For example, in *Navlyt v. Kalinich* (1970), 125 Ill. App. 2d 290, 360 N.E.2d 855, *aff'd* (1972), 53 Ill. 2d 137, 290 N.E.2d 219, plaintiffs' decedent was killed when standing in a deep trench which collapsed while he was installing sewer tile in connection with the construction of defendant's townhouses. The court held that because the sewer system was an integral part of the buildings under construction, the decedent was involved in a structural activity and had therefore stated a cause of action under the Structural Work Act.

Similarly, in *Simmons v. Union Electric Co.* (1984), 104 Ill. 2d 444, 473 N.E.2d 946, the supreme court approved a flexible application of the term "structure" to an ashpit which housed a temporary sump pump which the plaintiff had been instructed to repair in defendant's power plant. In trying to reach the ashpit, the plaintiff fell from an oily ladder. The court held that the pit was a structure, either considered alone or as an integral part of the repairs conducted at the plant.

In our view, the attachment of cable television wires to an electric utility pole is not part of an integrated network as contemplated in *Navlyt* and *Simmons*. Rather, the facts involved in the case at bar are more clearly aligned with those alleged in *Long v. City of New Boston* (1982), 91 Ill. 2d 456, 440 N.E.2d 625. In that case the plaintiff was injured as he was attaching a strong of decorative Christmas lights to a utility pole owned by the defendant. The court cited *Navlyt* and *Wood v. Commonwealth Edison Co.* (N.D. Ill. 1972), 343 F. Supp. 1270, but stated that neither decision provided a basis for concluding that plaintiff Long was involved in a "structural activity." The court held, moreover, that assuming that the pole itself was a "structure," then "plaintiffs' contention still must fail, because Long was not engaged in an alteration *of that structure*." (*Long v. City of New Boston* (1982), 91 Ill. 2d 456, 467, 440 N.E.2d 625, 630.) As in *Long*, the instant decedent's work was only incidentally related to CIPS' utility pole. Because the decedent was not engaged in a structural activity specified in the Act, plaintiffs' cause of action must fail.

■ An additional ground exists for affirming the trial court's dismissal of plaintiffs' count II, in that the complaint lacks sufficient averments to show that a defect existed in the platform on which the decedent stood while working on the pole. Plaintiffs asserted that the platform's defect consisted of the placement of the high voltage wires and the lack of insulation, which endangered persons working on the

platform. While such allegations may form the basis of liability in common law negligence, we believe that the remedial purpose of the Structural Work Act does not embrace the instant situation. The Act requires the proper construction and operation of scaffolds and other supportive devices erected for structural activity. Count II contains no allegation which charges that the platform was defective in its function as a support.

For the reasons herein explained, we affirm the order of the circuit court of Edwards County which dismissed, with prejudice, plaintiffs' cause of action alleged in the first amended count II.

Affirmed.

JONES, P.J., and KASSERMAN, J., concur.