LAWRENCE DICKMANN, Plaintiff-Appellant, v. MIDWEST INTERSTATE ELECTRICAL CONSTRUCTION COMPANY, Defendant–Third-Party Plaintiff–Appellee

First District (3rd Division)   No. 85—2227

Opinion filed April 30, 1986.

Gold & Polansky, of Chicago (I. Peter Polansky, of counsel), for appellant.

McKenna, Storer, Rowe, White & Farrug, of Chicago (Robert S. Soderstrom, Bruce B. Marr, and David W. Kash, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Lawrence Dickmann, appeals from an order of the trial court granting summary judgment in favor of defendant, Midwest Interstate Electrical Construction Company, on his one-count complaint alleging a cause of action under the Structural Work Act (Ill. Rev. Stat. 1979, ch. 48, par. 60 *et seq.*).

Plaintiff, a bricklayer, was injured on March 31, 1980, while working at a construction site in Chicago. He was employed by L. J. Graf, the masonry subcontractor at the site. Defendant was the general contractor for the construction project. The complaint alleges that defendant knowingly violated the Act when it failed to construct a scaffold so as to adequately protect plaintiff; failed to erect a scaffold using proper planking; failed to construct a scaffold with secured planking; and failed to provide proper scaffolding.

The contract between defendant and the owner of the property stated that defendant was responsible for all work specifically required of it, and that defendant would make a final inspection to insure completion of all contract requirements. Defendant was the general contractor and was in charge of all electrical work at the construction site. The contract stated that defendant would provide scaffolding for painters, but made no such provision for masonry work.

Defendant was installing an electrical service at the construction site. L. J. Graf, plaintiff's employer, was to construct two brick walls for a room which would house electrical gear. Plaintiff was the only bricklayer at the site. L. J. Graf had no foreman there, and plaintiff received orders from his employer over the telephone. Plaintiff testified at his deposition that when he had a question he would ask defendant's foreman at the site, Harry Hoye. Hoye testified at his deposition that he told plaintiff which wall was to go up first and where to start, but let plaintiff "take it from there."

Plaintiff began working at the site one week before the accident occurred. In building the first wall, plaintiff used pipe scaffolding with 16-foot planks. The scaffolding was present at the site when plaintiff arrived, and was not owned by either of the parties. Hoye told plaintiff that when he built the second wall he could not block the gangway. Plaintiff replied that he only had the 16-foot planks. Plaintiff testified that Hoye then said: "Do what you can do with what you have got to work with." Hoye testified that he did not recall this conversation, but that if plaintiff had blocked the gangway Hoye would have asked him not to do so. Plaintiff telephoned his employer several times during the week and requested shorter planks. None were provided. At this deposition, plaintiff also stated that Hoye knew "there was a problem or that [he] had asked for planks and *** didn't have the right plank available."

On the day of the accident, plaintiff began working on the second masonry wall. When the wall was approximately 56 inches high, plaintiff found a door and some two-by-four boards and proceeded to fashion a scaffold. Three to five minutes after plaintiff began using the scaffold, he moved in order to place a brick. The door slipped off the boards, and plaintiff fell backwards onto the door, injuring his back and neck. Plaintiff telephoned L. J. Graf to report the injury and to request an assistant. After the assistant arrived, plaintiff and he continued to use the same scaffold, but they nailed the door to the boards. After defendant filed its motion for summary judgment, the trial court heard oral arguments and granted defendant's motion for

summary judgment. The trial court found that there were no facts in the record to substantiate a wilful violation of the Act.

The goal of the Act is to provide workers in extrahazardous occupations with a safe place to work. (*McNellis v. Combustion Engineering, Inc.* (1974), 58 Ill. 2d 146, 151, 317 N.E.2d 573.) The Act is liberally construed in order to afford broad protection to working people. (58 Ill. 2d 146, 317 N.E.2d 573.) The Act generally requires all scaffolds to be erected and constructed in a safe, suitable and proper manner so as to adequately protect persons using the scaffolds. (Ill. Rev. Stat. 1979, ch. 48, par. 60.) To maintain an action under the Act, plaintiff must prove that he was engaged in or was passing under or by a structural activity; the activity was being performed with reference to a structure; a scaffold or other mechanical device was being used; a defect existed in the construction or use of the device; defendant had charge of the work; the defect proximately caused his injuries; and defendant wilfully violated the Act's safety standards. (*Kochan v. Commonwealth Edison Co.* (1984), 123 Ill. App. 3d 844, 463 N.E.2d 921.) The questions of proximate cause and whether defendant wilfully violated the Act are at issue here.

The questions of proximate cause and wilful violations under the Act are ordinarily questions of fact for the jury. (*Roedner v. Central Illinois Public Service Co.* (1983), 117 Ill. App. 3d 81, 452 N.E.2d 842 (wilful violation); *Kochan v. Commonwealth Edison Co.* (1984), 123 Ill. App. 3d 844, 463 N.E.2d 921 (proximate cause).) They become questions of law only when the facts are not disputed and where there can be no difference in the judgment of reasonable persons on inferences to be drawn. *St. John v. City of Naperville* (1982) 108 Ill. App. 3d 519, 439 N.E.2d 12.

Plaintiff first contends that the trial court erred in granting summary judgment in favor of defendant because a genuine issue of material fact remains on the issue of wilful violation. We agree. The Act imposes liability for wilful violations of its provisions. (*Simmons v. Union Electric Co.* (1984), 104 Ill. 2d 444, 473 N.E.2d 946.) A wilful violation occurs when one having charge of the work knows that a dangerous condition exists on a scaffold or, by the exercise of reasonable care, could have discovered the existence of the dangerous condition. (*Simmons v. Union Electric Co.* (1984), 104 Ill. 2d 444, 473 N.E.2d 946; *Moore v. Clearing Industrial District, Inc.* (1978), 64 Ill. App. 3d 391, 380 N.E.2d 1063.) In the present case, plaintiff testified that defendant's foreman, Hoye, instructed plaintiff not to block the gangway. When plaintiff replied that he had only the 16-foot planks, Hoye told him to use whatever materials he could. A question of fact

remains as to whether this conversation took place and, if so, what inferences should be drawn from the conversation. A jury might reasonably infer that once Hoye told plaintiff to use any available materials, Hoye had a duty to make every effort to insure that plaintiff used proper materials in a safe manner.

Additionally, because plaintiff did not build the scaffold until the week after Hoye gave the instructions, a jury might reasonably infer that defendant had time to discover that the available materials were unsafe. Hoye could have also observed that plaintiff did not receive a shipment of shorter planks from his employer during the week. Moreover, Hoye was aware that his instruction not to block the gangway resulted in plaintiff's need for shorter planks. A cause of action under the Act may be based on failure to provide a scaffold. (*Louis v. Barenfanger* (1968), 39 Ill. 2d 445, 236 N.E.2d 724, *cert. denied* (1968), 393 U.S. 935, 21 L. Ed. 2d 271, 89 S. Ct. 296.) At a minimum, the conversation between Hoye and plaintiff raises a genuine issue of material fact as to whether Hoye knew that a dangerous condition existed or, by the exercise of reasonable care, could have discovered the existence of the dangerous condition.

In support of its position that no wilful violation occurred, defendant asserts that plaintiff's actions precluded defendant from discovering the dangerous scaffold. Defendant cites *Moore v. Clearing Industrial District, Inc.* (1978), 64 Ill. App. 3d 391, 380 N.E.2d 1063, where the court noted that some cases have held that defendant had no opportunity to discover the dangerous condition because of plaintiff's conduct. In *Moore*, however, the court found a wilful violation where plaintiff's practice of backing up while laying brick was a practice known among bricklayers and was not conduct of such short duration that defendant could not have detected it in time to prevent the injury which occurred when he backed off the scaffold. Similarly, defendant here knew of plaintiff's need to build a different scaffold from any available materials the week before the scaffold was actually built by plaintiff. Thus, defendant had an opportunity to discover the dangerous condition. Other cases cited by defendant are distinguishable because they all involved conditions which were not themselves dangerous. See *Moore v. Clearing Industrial District, Inc.* (1978), 64 Ill. App. 3d 391, 380 N.E.2d 1063, distinguishing *Getz v. Webb Corp.* (1976), 38 Ill. App. 3d 880, 349 N.E.2d 682 (no wilful violation where plaintiff stood on safe scaffold while it was being moved by co-workers); *Mundt v. Ragnar Benson, Inc.* (1974), 18 Ill. App. 3d 758, 310 N.E.2d 633, *aff'd* (1975), 61 Ill. 2d 151, 335 N.E.2d 10 (no wilful violation where plaintiff walked onto new floor without using adequate

lighting, removed safe protective covering over hole, and fell through hole); *Lavery v. Ridgeway House, Inc.* (1969), 117 Ill. App. 2d 176, 254 N.E.2d 117 (no wilful violation where plaintiff hitched a ride on a safe cable intended for equipment, not people, and was injured).

■ In addition to establishing a wilful violation, plaintiff must establish that the defect in the scaffold proximately caused his injuries, and it is only when an injury has some connection with the hazardous nature of the scaffold that a cause of action may be maintained under the Act. (*Tenenbaum v. City of Chicago* (1975), 60 Ill. 2d 363, 325 N.E.2d 607.) Here, the injury to plaintiff when he fell backwards occurred when the unsecured door moved off the boards. Thus, plaintiff has established a connection between the injury and the hazardous nature of the scaffold.

Defendant maintains, however, that the sole proximate cause of the injury was plaintiff's own negligence in failing to nail the boards to the door. In a recent case, the court found that defendant's wilful violation of the Act was a proximate cause of the injuries, and then proceeded to hold that plaintiff's conduct is not to be considered. (*Hollis v. R. Latoria Construction Co.* (1985), 108 Ill. 2d 401, 485 N.E.2d 4.) In the present case, plaintiff's conduct may have been a factor contributing to the injury, but defendant's wilful violation could also be found by the trier of fact to have been a proximate cause of plaintiff's injury.

Furthermore, in *Bryntesen v. Carroll Construction Co.* (1963), 27 Ill. 2d 566, 190 N.E.2d 315, defendant argued that where the employee is using or creating his own scaffolding or equipment which violates the Act, this should be a defense for the person in charge who also violates the Act. The *Bryntesen* court rejected this argument, stating that the Act was intended to remove fault of the employee as a defense and to place full responsibility on the one in charge who knowingly violates the Act. *Bryntesen v. Carroll Construction Co.* (1963), 27 Ill. 2d 566, 190 N.E.2d 315, citing *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1961), 22 Ill. 2d 305, 175 N.E.2d 785; see also *McNellis v. Combustion Engineering, Inc.* (1974), 58 Ill. 2d 146, 317 N.E.2d 573 (wilful violation found, notwithstanding employee's decision not to use safe equipment provided by contractor).

In support of its position that plaintiff's actions were the sole proximate cause of his injury, thus precluding recovery under the Act, defendant cites *Kochan v. Commonwealth Edison Co.* (1984), 123 Ill. App. 3d 844, 463 N.E.2d 921, and *Smith v. Georgia Pacific Corp.* (1980), 86 Ill. App. 3d 570, 408 N.E.2d 117, both of which are distinguishable. In *Kochan*, the court found no proximate cause because the

ladder used by plaintiff was in good, stable condition, and plaintiff stated that he would use the same ladder if he had to perform the same work again. The injury was caused by the ladder's touching high voltage wires, not by the ladder itself. In contrast, the injury here was caused by the unsecured scaffold. In *Smith*, the court found no proximate cause because the ladder used by plaintiff was in good condition. The injury was caused by plaintiff's "jumping" the ladder upon which he was standing, thereby moving the ladder without dismounting.

For these reasons, we find that a genuine issue of material fact remains on the issues of proximate cause and wilful violation, and that the trial court erred in granting summary judgment in favor of defendant.

Accordingly, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

McGILLICUDDY and WHITE, JJ., concur.