GLORIA BARRERA, as Widow of Frank Barrera, as Mother and Next Friend of Rudolfo Barrera, *et al.*, Minors, and as Special Adm'r of the Estate of Frank Barrera, Deceased, Plaintiff-Appellant, v. WINDY CITY EXTERIORS, INC., Defendant-Appellee (Commonwealth Edison Company, Defendant).

First District (4th Division)   No. 1—87—1703

Opinion filed May 4, 1989.

Mark S. Smith, of Engelman & Smith, of Skokie, for·appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Charles H. Cole, and Kathryn A. Spalding, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Gloria Barrera, as widow of Frank Barrera and mother and next of kin to his dependant children, brought an action against defendant, Windy City Exteriors, Inc., for willful violations of the Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, par. 60 *et seq.*) (hereinafter the Act). The trial court dismissed plaintiff's amended complaint and count I of plaintiff's second amended complaint for failure to state a cause of action under the Act. Commonwealth Edison Company, also named as a defendant, is not a party in this appeal. The sole issue presented for review is whether the trial court erred in dismissing plaintiff's amended complaint and count I of plaintiff's second amended complaint for failure to state a cause of action under the Act.

We affirm.

Defendant, a home improvement contractor, contracted with the owner of a three-story residence for the installation of new exterior siding. Defendant engaged Frank Barrera, now deceased, to install the siding on the structure. A scaffold was erected and work com-

menced on August 29, 1985. While on the scaffold, Barrera picked up a section of aluminum siding. The distal end of the siding came into contact with the overhead high voltage electrical power lines. Barrera received severe electrical shock and subsequently died.

On March 19, 1986, plaintiff filed a complaint against defendants for the wrongful death of her husband. The complaint consisted of eight counts, but only count I was directed toward Windy City Exteriors. Count I alleged that defendant willfully violated the Act.

On November 17, 1986, the trial court granted defendants' motions to strike and dismiss plaintiff's complaint. In dismissing count I, the trial court found that there was no cause of action for loss of consortium under the Act.

Plaintiff then filed an amended complaint. Count I was directed toward defendant Windy City Exteriors. Plaintiff alleged willful violation of the Act in placing the scaffold dangerously close to the live overhead power lines. The trial court again dismissed count I for failure to state a cause of action. The court found that pursuant to *Smyrniotis v. Brockob Construction Co.* (1986), 142 Ill. App. 3d 340, and *Kochan v. Commonwealth Edison Co.* (1984), 123 Ill. App. 3d 844, plaintiff failed to state a cause of action under the Act based on the stated facts.

Plaintiff subsequently filed a second amended complaint. Substantively, the allegations in count I remained the same. Plaintiff did, however, add a count IA against Windy City Exteriors sounding in negligence. Count I was again dismissed for failure to state a cause of action under *Smyrniotis* and *Kochan*.

Further, plaintiff's counsel admitted that he could not name a specific defect in the scaffold until discovery was completed, and, therefore, until further facts could be gathered, alleged that the placement of the scaffold constituted a violation of the Act. The court then informed plaintiff's counsel that the ruling could not be based on what might come out in discovery but would be based on the pleadings as filed and presented to the court. Plaintiff appeals from dismissal of count I of her amended and second amended complaints.

■ To withstand a motion to dismiss, a complaint must contain sufficient averments of facts to state a cause of action. (*Jarvis v. Herrin City Park District* (1972), 6 Ill. App. 3d 516, 524.) Motions to dismiss admit all well-pleaded facts but not conclusions of law or of facts unsupported by allegations of specific facts upon which such conclusions rest. *Washington v. Courtesy Motor Sales, Inc.* (1964), 48 Ill. App. 2d 380, 382.

■ Section 1 of the Act provides, in pertinent part, as follows:

"All scaffolds \*\*\* erected or constructed by any person, firm or corporation \*\*\* for the use in the erection, repairing, alteration, removal or painting of any house, building \*\*\* or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon \*\*\* and in such manner as to prevent the falling of any material that may be used or deposited thereon." Ill. Rev. Stat. 1985, ch. 48, par. 60.

Section 9 allows the accrual of a right of action for willful violation of the Act or willful failure to comply with its provisions. Ill. Rev. Stat. 1985, ch. 48, par. 69.

The Act is designed to protect workers, engaged in extrahazardous activities, from risks inherent in their employment. (*Urman v. Walter* (1981), 101 Ill. App. 3d 1085, 1090.) The Act is not, however, intended to cover all injuries sustained at or near the construction site. *Vuletich v. United States Steel Corp.* (1987), 117 Ill. 2d 417, 422.

■ The elements of a cause of action under the Act are: (1) the device involved must be covered by the Act; (2) the device must be used in the construction of a structure as defined by the Act; (3) the device must be unsafe, or not safely placed or operated; (4) defendants must have willfully violated the Act; (5) plaintiff's injury must be proximately caused by defendants' violation. (*Smith v. Excello Press, Inc.* (1988), 169 Ill. App. 3d 1084, 1091.) "It is only when an injury has some connection with the hazardous nature of one of the devices named in section 1 of the Act that a cause of action may be maintained under that section of the Act." *Tenenbaum v. City of Chicago* (1975), 60 Ill. 2d 363, 371.

The trial court found that no cause of action existed based on *Kochan* and *Smyrniotis*. We agree. In *Kochan*, a recent decision by this court, the plaintiff while standing on a ladder came into contact with live overhead high voltage wires. The ladder on which plaintiff was standing admittedly had no defects. The plaintiff alleged that the placement of the ladder in proximity to the wires constituted willful violation of the Act. We found that summary judgment was properly granted to the defendant by the trial court because "no defect in the construction or use of the ladder caused [plaintiff's] injuries." *Kochan v. Commonwealth Edison Co.* (1984), 123 Ill. App. 3d 844, 848.

In *Smyrniotis*, the plaintiff, while standing on a roof as support, came into contact with some high voltage overhead wires. The *Smyrniotis* plaintiff alleged willful violation of the Act by defendant in di-

recting plaintiff to work atop certain supports, *i.e.*, the roof, which were in proximity to high voltage wires.

■ In denying plaintiff's appeal, the appellate court found that "the hazards of high-voltage wire *** are distinct from the hazards that fall within the terms of the Structural Work Act." (*Smyrniotis v. Brockob Construction Co.* (1986), 142 Ill. App. 3d 340, 345.) The court noted that plaintiff's injuries were the result of coming into contact with the power lines. The stanchion was found as not operating as a support, nor did it function to prevent the falling of construction material which would bring it within the purview of the Act. *Smyrniotis*, 142 Ill. App. 3d at 346.

■ In the instant case, there is no dispute that the device in question was a scaffold and as such was covered by the Act. Nor are there any allegations that the scaffold itself was defective. The deceased's injury had no connection with the hazardous nature of the scaffold. Plaintiff alleges that her husband's injury was the result of the placement of the ladder in proximity to the live overhead wires. Although positioning of a ladder in a place which jeopardizes a party's life can be a violation of the Act (*Kochan*, 123 Ill. App. 3d at 847), the hazards of high voltage wire were not intended to fall within the terms of the Act. *Smyrniotis*, 142 Ill. App. 3d at 345.

■ We agree with the *Smyrniotis* court that the legislature did not intend to extend coverage under the Act to the hazards associated with high voltage wires under these circumstances.

> "[T]he [Structural Work] Act should not be interpreted so that it is extended unnecessarily to cover neoteric theories of liability where the existing workmen's compensation and tort remedies protect and give reasonable and satisfactory relief to construction workers." *Rayfield v. Homart Development Co.* (1981), 100 Ill. App. 3d 620, 622-23.

Similarly, plaintiff in the instant case has alternative means of recovery that she can pursue.

For the foregoing reasons, we affirm the decision of the trial court.

Affirmed.

LINN and McMORROW, JJ., concur.